We pass to an examination of the one exception taken to the court's ruling upon evidence which the appellants present to us. Hyatt, the partner of Snow, testified to the facts surrounding the termination of the loan transaction between Snow and the defendants, and his testimony was that there had been a "compromise agreement" whereby the defendants were released from any obligations touching their application for the loan through the plaintiffs, upon the payment of $150 as a fee for services performed by Snow and Hyatt in the matter, it being the defendants' intention to conclude the loan with other parties, although Snow was prepared to make the loan himself upon the terms which the plaintiffs had been engaged to secure. On cross-examination it was made to appear that Hyatt's information as to the fact of this payment was derived solely from the books of the firm, and accordingly the defendants' counsel moved that "what he (Hyatt) testified from books" be stricken from the record, and the motion was denied under exception. We may concede that the form of the objection properly presented the point that the evidence was hearsay, or was not the best evidence; also, that the motion, under the circumstances, did not appeal to the discretion of the court; but it is clear that no prejudice resulted to the appellants, since the fact that a payment of $150 had been made by them to Snow was not disputed. Defendants' counsel brought out the fact of this payment elsewhere upon the trial, and, while the circumstances surrounding the payment were claimed to have been different from Hyatt's account of them, the latter's incompetency as a witness was only shown to have extended to the fact of the payment itself. If Hyatt's knowledge of the surrounding circumstances, as well as of the payment, was derived only from the books, that fact should have been clearly brought out by the cross-examination upon which the motion was based; but it was not, the answers to defendants' counsel, as reasonably construed, having touched only upon the matter of the payment.

The judgment should be affirmed, with costs. All concur.

---

### WALES MANUF'G CO. v. LAZZARO et al.

(Supreme Court, Appellate Term, First Department. February 26, 1897.)

BILL OF PARTICULARS—AFFIDAVIT FOR.

     Defendants are not entitled to a bill of particulars where the moving affidavit made by their attorney, an officer of one of defendants, does not show that deponent has no knowledge of the matters as to which particulars are sought, nor that inquiry has been made of the officers or agents of the corporation to obtain such knowledge, but merely states that, after reading the complaint, deponent is unable to ascertain the theory on which plaintiff seeks to recover, and that it is necessary for defendant to know by whom plaintiff claims fraudulent statements were made.

Appeal from city court of New York, general term.

Action by the Wales Manufacturing Company against Albert E. Lazzaro and the Mercantile Supply Company to recover $1,377.51 for goods sold, and charging that such debt was fraudulently contracted.

From an order of the general term of the city court (41 N. Y. Supp. 1134) modifying an order granted at the special term, compelling plaintiff to furnish a bill of particulars of its demand, plaintiff appeals. Reversed.

The action was to recover $1,377.51, with interest from April 15, 1896, for goods, wares, and merchandise, consisting of bicycle sundries, sold and delivered to the defendant corporation, at the special instance and request of the defendants, between January 10 and April 15, 1896; and the complaint set up fraud in contracting the debt, alleging false statements that the Mercantile Supply Company was, at and after January 18, 1896, a domestic corporation, whereas it was not in existence until February 5, 1896; that it was solvent, whereas its total indebtedness exceeds the amount of its stock, if any capital stock was ever paid; and that it was falsely represented that $35,000 of its capital stock had been duly paid in cash, whereas its stockholders were not subscribers in good faith; that such representations were made by the defendants, their agents, servants, officers, and employés, to the agents, servants, officers, and employés of the plaintiff. Upon the motion of the defendants the plaintiff was required to furnish a bill of particulars, but the order was modified at the general term so as to require the plaintiff to state the dates and amounts of deliveries alleged in the complaint, and against whom the goods delivered were charged by the plaintiff, and also to furnish a bill of particulars giving the dates when the false and fraudulent representations were made, the names of the persons making them, and the place where the representations were made, and what representations were made by each person, if possible.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Elmer S. White and Furlong & White, for appellant.
Hector M. Hitchings, for respondents.

DALY, P. J. The plaintiff appeals from an order of the general term of the city court which modified an order of the special term upon its appeal from the latter requiring it to furnish a bill of particulars as to matters alleged in a general way in its complaint. It objects that the affidavit upon which the order was based is insufficient to authorize it; and, if this be the case, we must reverse the order. If the affidavit for a bill of particulars be sufficient, we will not interfere with the discretion of the city court in granting the order asked for; but the affidavit must be sufficient "to set the court in motion," and it is our duty to examine it to ascertain whether such is the fact. Dwight v. Insurance Co., 84 N. Y. 493–507. The alleged defect in the affidavit is that it does not show ignorance on the part of the defendants, or of the officers and agents of the defendant corporation, as to the matters concerning which the bill of particulars is asked. In the case cited the court of last resort examined the affidavit with reference to such an objection, and in numerous cases the general term has adhered to the rule that want of such knowledge must be expressly shown, and that, if the affidavit be deficient in that respect, it is wholly insufficient to entitle the moving party to a bill of particulars. It was so held where the truth of the allegations pleaded must necessarily be within the knowledge of the moving party, the charge being adultery. Carillo v. Carillo, 53 Hun, 360, 6 N. Y. Supp. 305. "Although the count or counts may be general in some or all of the particulars stated, the defendant may well know the specific grounds of action. If so, a bill of particulars is unnecessary. This point should be covered by the affidavit of the party

himself.  *  *  *  The affidavit by a party seeking a bill of particulars in an action for fraud should aver that he was not guilty of the offense and offenses charged in the complaint, and that he had no knowledge or information of the particular fact or facts upon which the adverse party relied to sustain the charges, or as to which his proof would be directed.   Gardinier v. Knox, 27 Hun, 500;  Reamer v. Argus Co., MS.; Orvis v. Dana, 1 Abb. N. C. 268."   Gridley v. Gridley, 7 Civ. Proc. R. 215, 217, 218.   "The attorney cannot know that the defendant needs the particulars which it claims, or that it has not in its possession all the facts which it seeks to compel its adversary to disclose."   Dueber Watch Case Manuf'g Co. v. Keystone Watch Case Co., 21 N. Y. Supp. 342, 66 Hun, 634, mem. It has even been held that an affidavit of the party that he has no knowledge or information on the subject is not enough.   It should deny any suspicion or belief also. Holmes v. Jones, 13 Civ. Proc. R. 260.   In the present case the affidavit for the bill of particulars is made by the attorney of the defendants, who was also an officer of the defendant corporation.   It does not state that the deponent has no knowledge of the matters as to which particulars are sought, nor that any inquiry has been made of the officers, agents, or servants of the defendant corporation to ascertain if any of them possessed such knowledge.   It merely states that: "Deponent, after carefully reading over said complaint, is wholly unable to ascertain and determine upon what theory the said Albert E. Lazzaro is made a defendant in the action,—whether as an officer of the Mercantile Supply Company or as a director therein, or a guarantor of the debt, or a person aiding and abetting said Mercantile Supply Company in a fraud.   That it is necessary for the defendant Lazzaro to know whether the plaintiff claims that any of said statements were made by him in person or were made by other persons," and that "a bill of particulars is necessary to enable the defendants to meet the third allegation of the complaint," and that "it is necessary for the defendant to be informed what statements have been made," and so forth,—none of which fairly implies that defendants do not know to what instances the averments of the plaintiff's pleadings refer.   Dwight v. Insurance Co., above.

The orders of the general term and special term should be reversed, with costs.   All concur.