(22 Misc. Rep. 17.)

## VILLIERS v. THIRD AVE. R. CO.

(City Court of New York, General Term. December 11, 1897.)

**1. BILL OF PARTICULARS—WHEN ALLOWED.**
To entitle a defendant to a bill of particulars, his motion papers must show that he has not the means of obtaining the information required, and that it is necessary to have such knowledge as is possessed by plaintiff in order to prevent surprise at the trial.

**2. SAME—ACTION FOR NEGLIGENCE.**
Great caution should be exercised in requiring bills of particulars in actions for damages resulting from negligence.

Appeal from special term.

Action by Lizzie V. Villiers against the Third Avenue Railroad Company. From an order granting defendant's motion for a bill of particulars, plaintiff appeals. Reversed.

Argued before VAN WYCK, C. J., and CONLAN and O'DWYER, JJ.

Leopold Leo, for appellant.
Henry W. Mayer, for respondent.

O'DWYER, J. The action is for negligence resulting in personal injury. The complaint alleges:

"That on or about the 18th day of September, 1896, between about noon and 1 o'clock in the afternoon, while plaintiff was driving in a carriage, drawn by a horse, along said 7th avenue, in a northerly direction, on the easterly side of said avenue, and was about to cross the southerly or east-bound track of the defendant, in said 125th street, defendant so carelessly and negligently moved an east-bound motor—moved, as plaintiff is informed and verily believes, by compressed air—as to cause it to collide with the carriage the plaintiff was driving, and to injure her in her person, and on the left side of her body, and particularly in the region of her ribs, neck, and head, and causing her to suffer neuresthenia, or nervousness, and otherwise causing her to suffer in her person, and rendering it impossible for her to attend to her usual duties; and also involved her in expenditures, medical treatment, and medicines, in all, to her damage, past, present, and prospective, two thousand dollars."

The answer consists of a general denial, and with it defendant served a demand for a bill of particulars. The plaintiff did not serve the bill of particulars demanded, and after 10 days had elapsed defendant made a motion therefor upon the pleadings and proceedings and the affidavit of William H. Truman, assistant superintendent of the defendant company. The affidavit, after stating the relation of deponent to defendant, the nature of the action, the date of issue, and the service of the demand for a bill of particulars, together with a criticism upon the statement of facts contained in the complaint, avers:

"That defendant intends in good faith to contest this claim; that it has a good defense, but that it is ignorant of the facts of the claim in the particulars hereinafter set forth, and is advised by counsel that it is necessary and material to its defense of this action that it shall have a bill of particulars which shall specify in detail certain enumerated facts."

Upon the hearing an order was made, directing the plaintiff to deliver to the defendant a bill of particulars containing:

"(1) The number of the car, if known to the plaintiff. (2) Extent of injuries. and character, to date, and medical bills to date. (3) Plaintiff's business, and

how long prevented following the same, and damages thereto to date. Such statement shall not prejudice future damages that may be suffered by plaintiff; and all proceedings on the part of the plaintiff be, and they hereby are, stayed until the terms of this order are fully complied with."

In Constable v. Hardenbergh, 76 Hun, 434, 27 N. Y. Supp. 1022, it was held that it must be shown by the moving papers that the defendant had not the means of obtaining the information required, and that it was necessary to have such knowledge as was within the possession of the plaintiff, in order to prevent surprise upon the trial. It is clear from an examination of the affidavit of Mr. Truman that the defendant failed to comply with the requirements of this rule. Great caution should be exercised by the courts in requiring parties to furnish particulars in actions for damages resulting from negligence; and upon this record we are of opinion that the defendant was not entitled to the particulars directed in the order appealed from.

The order appealed from should therefore be reversed, with costs, and the motion denied, with $10 costs.

CONLAN, J., concurs.