(23 Misc. Rep. 620.)

### SIDNEY B. BOWMAN CYCLE CO. v. DYER et al.

(Supreme Court, Appellate Term.   June 6, 1898.)

1. PLEADING—BILL OF PARTICULARS.

An application for a bill of particulars of a counterclaim, if made before service of the reply, can be granted solely upon the ground that the particulars are necessary to enable the plaintiff to frame his reply.

2. APPEAL—REVIEW—BILL OF PARTICULARS.

A bill of particulars granted by the city court not being reviewable by the appellate term of the supreme court, unless it clearly transcends the power of the court, the appellate term must examine the affidavit on which it was granted, to learn whether it sufficed to confer jurisdiction.

3. PLEADING—BILL OF PARTICULARS—AFFIDAVIT.

Upon an application by a plaintiff corporation for a bill of particulars of a counterclaim, an affidavit of its president that he has no knowledge or information sufficient to form a belief as to the matters alleged in the counterclaim is not enough, but it must be shown that the plaintiff cannot, through any of its officers, agents, and servants acquire the information, and that the means of obtaining the same is beyond its reach.

4. SAME.

Under rule 23 of the general rules of practice, the affidavit of a plaintiff that he is advised by his counsel of the necessity of being apprised of certain items by a bill of particulars, in order to properly prepare a reply to a counterclaim, without swearing that he has fully and fairly stated the case to his counsel, or giving the latter's name and residence, is insufficient.

Appeal from city court of New York, general term.

Action by the Sidney B. Bowman Cycle Company against Elisha Dyer and others.   From an order granting plaintiff's motion for a bill of particulars of the matters set forth in the counterclaim contained in the answer, defendants appeal.   Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Green & Johnson, for plaintiff.
Dos Passos & Mitchell, for defendants.

GILDERSLEEVE, J.   The defendants appeal from an order of the general term of the city court, affirming an order of the special term granting plaintiff's motion for certain particulars of a counterclaim interposed by defendants.   Issue had not been joined at the time of the motion; and the relief sought could, therefore, only be granted on the ground that the particulars were necessary in order to enable the plaintiff corporation to frame its reply.   Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp. 267.   Recognizing the rule that a bill of particulars granted by the city court is not reviewable by the appellate term unless it clearly transcends the power of the court, as defined by the general course of practice in respect to bills of particulars (see Witkowski v. Paramore, 93 N. Y. 467; Lawrence v. Samuels, 20 Misc. Rep. 279, 45 N. Y. Supp. 743; Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687; Howell v. Mills, 53 N. Y. 322; Livermore v. Bainbridge, 56 N. Y. 72; Cohn v. Baldwin, 141 N. Y. 563, 35 N. E. 1087), we must examine the affidavit to ascertain whether it was sufficient to confer jurisdiction upon the court

to order a bill of particulars (Manufacturing Co. v. Lazzaro [Sup.] 43 N. Y. Supp. 1110). The affidavit is made by Sidney B. Bowman, the president and general manager of the plaintiff corporation, and states that "he has no knowledge or information sufficient to form a belief as to the items of damage and loss of revenue and expenses alleged to have been incurred by the said club." The counterclaim is not interposed against the president and general manager personally, but against the plaintiff corporation. The absence of knowledge or information on the part of Mr. Bowman, who is one of plaintiff's officers, does not imply that some other officer or agent of the corporation may not be fully cognizant of all the matters that are alleged as the basis of defendants' counterclaim. The affidavit should go further, and state that the plaintiff cannot, through any of its officers, agents, and servants, acquire the information. It should appear from the affidavit that the means of obtaining the information required are beyond the reach of the plaintiff. Manufacturing Co. v. Lazzaro, supra; Constable v. Hardenbergh, 76 Hun, 438, 27 N. Y. Supp. 1022. While Mr. Bowman avers that he is advised by his counsel of the necessity of being apprised of certain items by a bill of particulars, in order to properly prepare a reply to the counterclaim, he does not swear that he has fully and fairly stated the case to his counsel, nor does he give the name and residence of such counsel. It must, therefore, be observed that the affidavit fails to comply with the provisions of rule 23 of the general rules of practice, which is to the effect that "whenever it shall be necessary in any affidavit to swear to the advice of counsel, the party shall * * * swear that he has fully and fairly stated the case to his counsel, and shall give the name and residence of such counsel."

We think the moving affidavit is fatally defective, and insufficient to authorize the order for a bill of particulars. The order should be reversed, and the motion denied, with costs. All concur.