EUNICE NIEMOLLER, Appellant, *v.* NAOMI DUNCOMBE, Respondent.

*Bill of particulars — a party will not be compelled thereby to furnish specific evidence nor particulars of a fact not necessary to be proved.*

In an action brought to recover for services alleged to have been rendered by the plaintiff to her sister, in continuing to live with her pending certain litigation in reference to her husband's will and property, under a promise by the defendant to pay the plaintiff $7,000 for remaining with her, superintending the household duties and aiding her in preparing the evidence and getting ready for the trial of such litigation, and counseling and advising her in regard thereto during such period, in which the answer alleged that the plaintiff lived with the defendant, but only as her guest, for some time, and not during the entire time that the litigation was pending, the plaintiff was ordered to serve a bill of particulars, stating, *first,* the time and place of the alleged services; *second,* when and where the request for such services was made; *third,* what litigation was pending, the continuance of which was to determine the term of the plaintiff's residence with the defendant; *fourth,* the manner and respects in which the defendant requested the plaintiff to superintend the defendant's household duties; *fifth,* the manner in which the plaintiff kept house for the defendant; *sixth,* when, where and what demand of payment was made; *seventh,* the manner and particulars in which the plaintiff advised the defendant in preparing for the trial over the husband's will; *eighth,* what evidence the plaintiff prepared; and, *ninth,* what was the subject of the plaintiff's counsel and advice.

*Held,* that so much of the order as was referred to in the 4th, 5th and 8th divisions was objectionable, as being within the rule as to furnishing specific evidence, and that as to the 6th division, relative to a demand for payment, since no proof of that fact was necessary, there was no necessity for a bill of particulars in respect thereto.

APPEAL by the plaintiff, Eunice Niemoller, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 25th day of March, 1898, granting the defendant's motion to require the

plaintiff to furnish a bill of particulars, and also from an order made at the Westchester Special Term and entered in said clerk's office on the 4th day of June, 1898, denying the defendant's motion to resettle such order.

*William L. Snyder,* for the appellant.

*Roger M. Sherman,* orally, for the respondent.

GOODRICH, P. J.:

The complaint alleges that the defendant, shortly after her husband's death, requested the plaintiff, her sister, to continue to live with her pending certain litigation in regard to her husband's will, and property, and that the defendant promised to pay the plaintiff for remaining with her, superintending the household duties and aiding her in preparing evidence and getting ready for the trial of such litigation, and counseling and advising her in reference thereto during such period, the sum of $7,000. The answer alleges that the plaintiff lived with the defendant, but only as her guest, for some time, and not during the entire time that the litigation was pending.

The court, on motion, ordered the plaintiff to serve a bill of particulars, stating: *First,* the time and place of the alleged services; *second,* when and where the request for such services was made; *third,* what litigation was pending, the continuance of which was to determine the term of the plaintiff's residence with the defendant; *fourth,* the manner and respects in which the defendant requested the plaintiff to superintend the defendant's household duties; *fifth,* the manner in which the plaintiff kept house for the defendant; *sixth,* when, where and what demand of payment was made; *seventh,* the manner and particulars in which the plaintiff advised the defendant in preparing for the trial over the husband's will; *eighth,* what evidence the plaintiff prepared; and, *ninth,* what was the subject of the plaintiff's counsel and advice.

In a matter resting so largely in the discretion of the Special Term, we are disinclined to review its decision, but a reference to well-established principles will assist us in arriving at a conclusion. A bill of particulars is intended to amplify more specifically matters set up in a pleading, not to set up a cause of action, as the latter is the function of the complaint. It is intended to prevent surprise

at the trial by furnishing such information as a reasonable man would require when called upon to defend himself and by limiting the general allegations of the pleading so as to confine the proof to the particulars specified. It is not designed to compel a party to furnish the specific evidence upon which he relies for recovery. Nor can a party be compelled to particularize facts already known to his adversary or which are equally accessible to both parties. But this last qualification is not to be construed to apply to a case where the issue to be tried is the existence of certain facts which form the basis of the cause of action, otherwise it would be unreasonable to order a bill of particulars in an action based on adultery, of which class of cases *Tilton* v. *Beecher* (59 N. Y. 176) is a good example. The court RAPALLO, J., writing, said (p. 190): "It is further urged that the defendant in such a case needs no specification of particulars, because he knows better than any other, but one, the details about which he seeks information. This is *petitio principii.* It assumes that the defendant has committed the acts with which he is charged, while the very question to be tried is whether or not he has committed them."

With these general principles in view, it is not difficult to decide that in some respects the order granting the bill of particulars was too sweeping. We think that so much of the order as is referred to in the fourth, fifth and eighth divisions above made is objectionable, being within the rule as to furnishing specific evidence. As to the sixth division, relative to a demand for payment, it would seem quite clear that as no proof of that fact is necessary there is no need for particulars.

The order granting the bill of particulars must be modified by striking out the clauses referred to, and as thus modified affirmed, without costs to either party. The order denying the motion to resettle the first order must also be affirmed, with ten dollars costs and disbursements.

All concurred.

Order granting bill of particulars modified in accordance with opinion by GOODRICH, P. J., without costs to either party. Order denying motion for resettlement of order affirmed, with ten dollars costs and disbursements.