a suspension of the power of alienation for a longer period than the single life, and it might be for a shorter period. The period of the suspension of alienation was not measured by years, but by a single life. This provision was not a violation of the statute. Montignani v. Blade, 145 N. Y. 111, 39 N. E. 719; Schermerhorn v. Cotting, 131 N. Y. 48, 29 N. E. 980. This provision is not so involved in the former void provision prohibiting alienation as that it may not be readily separated from it. It does not subvert the intention of the testator, and is secondary to his main purpose to devise the estate to his three sons. If, as contended by the appellant, it is a part of the scheme to keep the property intact for 10 years, it is not an essential part; and, as it is not in itself invalid, it is the duty of the court, under the principles of law, to preserve it and to give to it its legal effect. It follows, therefore, that John, one of the sons, having died within a few months after his father, his one-third share passed, under the will, to his surviving brothers; and the plaintiff, as one of his daughters and devisees, derived no title from him. The complaint was therefore properly dismissed, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur, except SMITH, J., who dissents.

---

(32 Misc. Rep. 442.)

### WEBSTER et al. v. FITCHBURG R. CO.

(Supreme Court, Special Term, Albany County. June 27, 1900.)

1. NEGLIGENCE—PLEADING—BILL OF PARTICULARS.

In an action against a railroad company for alleged negligence in failing to employ suitable means to prevent the escape of sparks from its engines, whereby trees of plaintiff were set on fire, a motion for a bill of particulars will not be granted, since a bill of particulars is only allowed on pleadings in an action on account.

2. SAME—RAILROADS—FIRES SET BY LOCOMOTIVE.

The motion was based in part on an affidavit which alleged that the complaint did not aver what particular engine or train passed the land of plaintiff at the time of the alleged fire, and that it was impossible for the defendant to properly prepare for trial without knowing what particular engine would be claimed as defective; but it did not deny defendant's negligence, or show that the officers of defendant were ignorant of the matters concerning which the bill of particulars was asked. *Held*, that the affidavit was insufficient.

3. SAME—AFFIDAVIT BY ATTORNEY.

An affidavit for a bill of particulars made by an attorney, without giving any reason why it was not made by the party, is insufficient.

Action by Jennie L. Webster and others against the Fitchburg Railroad Company to recover damages for alleged negligence of the defendant (among other things) in failing to employ suitable means to prevent the escape of sparks and fire from its engines, and thus setting fire to certain trees of the plaintiffs, and destroying the same. On motion for bill of particulars. Denied.

T. F. Hamilton, for the motion.
Charles I. Webster, opposed.

CHASE, J. The answer herein is a denial of any knowledge, or information sufficient to form a belief, as to the principal allegations of the complaint. The motion is based on the pleadings and on the affidavit of the attorney for the defendant. It is only in an action on an account that a bill of particulars may be directed on inspection of the pleadings. In every other case a motion for a bill of particulars is addressed to the discretion of the court, and must be founded upon affidavits showing the necessity for the bill of particulars. Badger v. Gilroy, 21 Misc. Rep. 466, 47 N. Y. Supp. 669. The affidavit herein does not deny the defendant's negligence, and does not show that the officers and agents of the defendant are ignorant of the matters concerning which the bill of particulars is asked, or that any inquiry has been made by the defendant with reference thereto. °It states that the complaint does not allege what particular engine or what particular train of cars passed the land of the plaintiffs at the time of the alleged fire, and concludes that it is impossible for the defendant to properly prepare for trial without knowing what particular engine it will be claimed on the trial was defective in its means for preventing the escape of sparks. This is wholly insufficient. Manufacturing Co. v. Lazzaro, 19 Misc. Rep. 477, 43 N. Y. Supp. 1110; Cycle Co. v. Dyer, 23 Misc. Rep. 620, 52 N. Y. Supp. 159; Slingerland v. Contracting Co., 28 Misc. Rep. 319, 59 N. Y. Supp. 860; Constable v. Hardenbergh, 76 Hun, 434, 27 N. Y. Supp. 1022.

No reason is given why the affidavit is made by the attorney for the defendant. It has been repeatedly held that an affidavit for a bill of particulars made by an attorney, without giving any reason why it is not made by the party, is insufficient. · Mayer v. Mayer, 29 App. Div. 393, 51 N. Y. Supp. 1079; Stevens v. Smith, 38 App. Div. 119, 56 N. Y. Supp. 540; Dueber Watch-Case Mfg. Co. v. Keystone Watch-Case Co. (Sup.) 21 N. Y. Supp. 342; Gridley v. Gridley, 7 Civ. Proc. R. 215; Van Olinda v. Hall, 82 Hun, 357, 31 N. Y. Supp. 495; Cohn v. Baldwin, 74 Hun, 346, 26 N. Y. Supp. 457; Groff v. Hagan, 13 Misc. Rep. 322, 34 N. Y. Supp. 462; Mori v. Pearsall, 14 Misc. Rep. 251, 35 N. Y. Supp. 829; Gallerstein v. Railway Co., 27 Misc. Rep. 506, 58 N. Y. Supp. 374.

The motion for a bill of particulars is denied, with costs.