JAMES N. MacDONALD *vs.* N. Y., N. H. & H. R. R. Co.

WASHINGTON—FEBRUARY 14, 1903.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Railroads. Statutes. Injury by Fire from Engines. Damages. Bill of Particulars.*

Section 2 of an act entitled "An act in amendment of an act entitled 'An act to incorporate the New York, Providence & Boston R. R. Co.,'" passed at the June session, A. D. 1836, provides: "Said corporation shall be liable to pay to the owner or owners for all damages which may arise from the burning of houses, wood, hay or any other substance whatever, by fire communicated from the engines, cars or other vehicles of said corporation or by those in their employ, damages equal to the value thereof, with all the lawful costs to be recovered in an action of debt in

any court competent to try the same." Defendant succeeded the said railroad company, and was liable in this case to all the duties, liabilities, and obligations imposed by said act upon said corporation.

After verdict for plaintiff, on petition for new trial:—

*Held*, that a bill of particulars, giving the number of acres of each kind of wood burned, years of growth, kind of fence, etc., destroyed by fire, was sufficiently definite without giving the value of the various items, the declaration furnishing the gross amount of damage claimed.

(2)   *Evidence. Fires set by Engines.*

*Held*, further, that evidence as to fires originating prior and up to the time of the fire in this case, and of cinders lying alongside the track, either inside or outside the defendant's land; and as to whether locomotives of defendant were in the habit of throwing off sparks and cinders prior to the date of the fire; and whether these sparks and cinders were capable of igniting fires, or of such a nature that they could and did ignite fires, was properly admittted.

(3)   *Damages.*

*Held*, further, that, where the declaration alleged the damages to be a specific sum, and the declaration and bill of particulars gave details of the kind and amount of damage done, it was a sufficient allegation of damage to support the verdict.

(4)   *Evidence. Prima Facie Proof. Agency.*

Plaintiff offered in evidence a relocation of said road as authorized under section 10 of said act, for the purpose of showing an acceptance of the provisions of the act. The plan and report filed for record in 1836 purported to be filed by the executive committee of the company, and stated it was filed by said railroad and in compliance with the act of 1836. It was not denied that the members of the committee were dead:—

*Held*, that the evidence was *prima facie* admissible and sufficient without strict proof of agency, in the absence of any proof to the contrary by defendant, who had the best evidence exclusively within its control.

DEBT under a statute. The facts are stated in the opinion. Heard on petition of defendant for new trial, and petition denied.

ROGERS, J.   This is the defendant corporation's petition for a new trial after a verdict for the plaintiff of an action of debt brought under section 2 of an act entitled "An act in amendment of an act entitled 'An act to incorporate the New York, Providence & Boston Railroad Company' passed at June session, A. D. 1836" (R. I. Acts & Res. June Ses. 1836, p. 3), which reads as follows, viz.:—

"SEC. 2.   And be it further enacted, that said corporation

shall be liable to pay to the owner or owners for all damages which may arise from the burning of houses, wood, hay, or any other substance whatever, by fire communicated from the engines, cars or other vehicles of said corporation, or by those in their employ, damages equal to the value thereof, with all the lawful costs; to be recovered in an action of debt, in any court competent to try the same."

The defendant had succeeded the said New York, Providence & Boston R. R. Co. and was liable in this case to all the duties, liabilities and obligations imposed by said act upon said last-named corporation.

(1)    There were twenty-three grounds alleged for a new trial, many of which were practically duplicates. The first ground was that the trial court erred in not requiring the plaintiff to state in his bill of particulars the value of the wood growing upon said oak sprout land, value of the pine grove, the value of the wood growing on the pasture land, the value of the rail fence, and the value of the wood claimed to have been damaged, injured or destroyed by the fire. The defendant had asked for a bill of particulars in extremely minute detail, and the plaintiff had furnished many particulars giving the number of acres of each kind of wood burned, the years of growth, the kind of fence, etc., and the trial court ruled that the order for a bill of particulars had been sufficiently complied with. We think that ruling was a proper exercise of that court's discretion. The purpose of a bill of particulars is to give the defendant such information as will enable it intelligently to prepare its defence and to guard against surprises; but as said by Durfee, C. J., in *Cox* v. *Providence Gas Co.*, 17 R. I. 200: "The rule of certainty in pleading is not too rigid to be reasonable. It was designed to further, not to defeat the ends of justice; and it is elementary that it requires no more particularity than the nature of the thing pleaded admits." In *Lee* v. *Reliance Mill Co.*, 21 R. I. 323, this court said: "The rules of pleading require reasonable certainty in the statement of essential facts, to the end that the adverse party may be informed of what he is called on to meet at the trial, and to this end the allegations should be as

precise and definite as the nature of the case will reasonably permit." See also *Sullivan* v. *Waterman,* 21 R. I. 72. In *Muller et al.* v. *Bush, etc., Mfg Co.,* 15 Abbott's N. C. (N. Y.) 90, Dykman, J., said: "The plaintiff has commenced this action to recover damages sustained by reason of injuries to his house from an explosion in the defendant's oil works. The complaint states the injuries with considerable particularity, and the amount of damages sustained. The defendant, desiring a bill of particulars of the items of damages, made a motion therefor to the special term, which was denied, and an appeal is brought from the order of denial. This is not a case where the plaintiff should be required to furnish particulars. The action is for damages which the plaintiff cannot specify with certainty; the amount will depend on proof to be furnished after examination of the injuries, and may well consist of the testimony of experts. Great caution should be exercised by the courts in requiring parties to furnish particulars in actions for damages resulting from negligence. It is usually impossible for a plaintiff to know with any degree of precision what the proof will be, and the bill of particulars would in most cases of that character be an instrument of embarrassment and injustice." Although the case at bar is not one of negligence, yet it approximates sufficiently to it to come within the application of the learned judge's words. In the case at bar the declaration gave the gross amount of damage claimed, and the bill of particulars gave various other details sufficient to inform the defendant for all the purposes of defence.

(2)    A class of exceptions relating to the admission of testimony of fires originating prior and up to the time of the fire in this case; or of cinders lying alongside of the track either inside of the railroad company's land or outside of it; or as to whether or not locomotives on the road of this defendant were in the habit of throwing off sparks and cinders prior to May 4th, 1901, the date of the fire in this case; or whether these cinders and sparks are capable of igniting fires, or of such a nature that they could and do ignite fires, form eight grounds for the petition for a new trial.

It devolved upon the plaintiff in order to entitle him to recover, to show that the damage complained of was caused by fire communicated from the engines, cars or other vehicles of the defendant, or by those in their employ, but whether with or without negligence was quite immaterial. *MacDonald* v. *N. Y., N. H. & H. R. R. Co.*, 23 R. I. 577. As there are few, if any, cases where persons see the fire directly communicated, proof of the communication must necessarily be more or less circumstantial. As tending to show that the fire was set by the defendant it has been held competent to prove that at various times before the fire occurred the engines of the company set out fires along its line in the vicinity, and it has also been held competent to show that coals of fire had previously been dropped or been found on the track at or near the place where the injury occurred. See 3 Elliott on Railroads, § 1243, and notes 1 and 3 on p. 1939, and 1 and 3 on p. 1940. In *Smith* v. *Old Colony, etc., R. R. Co.*, 10 R. I. 22, 27, Durfee, C. J., said: "A second purpose for which such testimony might be admissible is this, namely: to show the possibility of communicating fire by sparks from a locomotive, if any question were made upon that point, and, for this purpose, it would be immaterial whether the testimony related to fires of an earlier or later date than the one in question. If, however, the possibility were not questioned, and, especially, if it were admitted that the fire so originated, testimony relating to fires of a later date should be carefully excluded, as being irrelevant, and as having a tendency to excite prejudice against the company." In the case at bar the defendant did not admit anything. By his plea of the general issue the defendant held the plaintiff up to strict proof, and the record of the trial shows no oral admissions as to how the fire originated, or as to the possibilities in relation thereto, and the presiding justice excluded all testimony as to any such fires subsequent to the date of the fire complained of in this case. In *Union Pacific Ry. Co.* v. *De Busk*, 12 Col. 294, where it was shown that a fire sprang up just after a train had passed, that there was no other fire on the premises before, and no other apparent cause for the

fire, it was held that the evidence was sufficient to warrant a finding that it was set by the passing train.   See also *A. T. & S. F. R. R. Co.* v. *Gibson*, 42 Kan. 34, 37.   We think the testimony showing the circumstances referred to was competent as tending to show the origin of the fire in this case.

As to a lot of the defendant corporation's land inside its fence being burned over, we think it comes within the rule laid down as to other lands just passed on, for it was apparent that the sole purpose of the question was as to the possibility of the defendant's engines igniting fires and not as to the right of the defendant to intentionally do with its own property what it chose.

(3)   The several grounds of exceptions relating to the questions of damage do not seem to us sustainable.   What the defendant corporation is liable for under the act is "for all damages which may arise from the burning of houses, wood, hay, or any other substance, . . . damages equal to the value thereof."   The declaration alleges the damage to be $2,000 and the declaration and bill of particulars give many details of the kind and amount of damage done, and we think that is a sufficient allegation to support the verdict.   In *Spink* against this same defendant, 24 R. I. 560, this court in construing this act said the terms of the act making the company liable for damage caused by fire from its engines embracing the burning of "houses, wood, hay, *or any other substance whatever*" are broad enough to cover all kinds of property.   It is to be noted that the act under which the action in this case is brought has no clause providing for the railroad company's insuring property against the liability entailed by said act, as the statutes in some other States do, so the reasoning of the courts of some of those States predicated upon such an insurance provision has no force here.

The eighteenth ground for asking for a new trial is because the trial court, it is alleged, erred in admitting the question to the plaintiff as to who owned the land south of the railroad fence where the fire is supposed to have originated, and his answers thereto, because it was irrelevant and immaterial.   Though the defendant would be liable for damages to

the plaintiff if it set out the fire that caused the damage on his land, whether with or without negligence, whoever owned the intervening land, yet we cannot say that the question of ownership of such intervening land would necessarily be so irrelevant and immaterial as to afford sufficient ground for a new trial. Under some circumstances it might be highly relevant and though in the circumstances of this case we fail to see the materiality of the ownership of that intervening land, yet we think its admission was utterly harmless to the defendant and could not have confused the jury or have prejudiced the jurors against said defendant, and hence we think it does not form a sufficient ground for granting a new trial.

(4)    The nineteenth ground alleged for a new trial is that the trial court erred in admitting the report of location or relocation of the New York, Providence & Boston R. R. filed in the Court of Common Pleas for Washington county on October 17, 1836, without first proving that S. F. Denison and Ephraim Williams who signed it as executive committee of said New York, Providence & Boston R. R. Co., were the executive committee of said company.

The liability under which the defendant was sued in this case arose under section 2 of the amendment of June 25, 1836, of the charter of the New York, Providence & Boston company. The declaration does not formally state that "within ninety days from the rising of this General Assembly" (viz., the one that passed the said amendment) the corporation did "signify in writing to the secretary of this state, their assent to the requirements and provisions of this act," as provided for in section 10 of said act, but it did set out step by step the proceedings under said act by said New York, Providence & Boston R. R. Co., and among other things its relocation of said road as authorized under said section 10, and which relocation was tantamount to an acceptance. On demurrer to the plaintiff's declaration this court so decided and that the acceptance was sufficiently alleged, see 23 R. I. 558.

The defendant's contention now seems to be that the relocation is not sufficiently proved. We think the plan and report of the relocation of the New York, Providence & Boston

R. R. Co., filed for record in the Court of Common Pleas for Washington county, October 17, 1836, was properly admitted. It purports to be filed by the executive committee of said railroad which had not then completed its formal organization. It states that it is filed by said railroad, and in compliance with the amending act of 1836. These are all formal acts necessary for the preservation of its charter, and were performed nearly seventy years ago. It is stated that Messrs. Denison and Williams are now dead and it is not denied. The defendant does not deny that the relocation was made in 1836 and its charter thus preserved, in fact it more than half admits it, but contends that strict proof of the agency must be shown. It offers no testimony itself upon the matter though it must have succeeded to its predecessor's books and papers and to this relocation. It takes but slight evidence to make out a *prima facie* case under circumstances like these where the defendant has such ample and exclusive means of protecting itself against possible error, the best evidence being exclusively within its own control. We think there is a presumption that an official report like this, of such paramount importance to this defendant and its predecessor, filed officially in court in compliance with a legislative act, is done with authority. The age of the writing should cause it to be taken for what it purports to be until the contrary is shown. The authority of these members of the executive committee is of cardinal importance to this defendant and its predecessor, for it goes to the base of its organization. The defendant offered no evidence to rebut it in any way and we think that under the circumstances the evidence is at least, *prima facie* admissible and sufficient in the absence of any proof to the contrary.

The twentieth ground alleged for a new trial is the court's alleged refusal to charge in the defendant's exact words in defendant's third request as to the value of oak sprouts, as requested. We think the court had substantially covered the question of the value of oak sprouts previously in its charge on Record p. 244, and that there was no reversible error there.

In the refusal of the court to allow the defendant to ask

the plaintiff what he paid for his farm we find no error. It is utterly immaterial what the plaintiff paid for it and the price would not shed nor tend to shed any light upon the question at issue.

As to the other grounds alleged for a new trial, all of which we have carefully considered, we fail to find any sufficient to warrant us in granting a new trial. The verdict does not seem to us to be against the law and the evidence, and the weight thereof, nor does the verdict, $982.13, seem to us to be excessive.

For the reasons above set forth the defendant's petition for a new trial is denied and dismissed and the case is remitted to the Common Pleas Division with directions to enter judgment on the verdict for the plaintiff.

*James C. Collins, Jr.*, for plaintiff.

*John W. Sweeney*, for defendant.