in issue, the terms of the hiring, and the ceasing to work because of discharge or because of abandonment, and so, under prevailing doctrine, the cause had needs be submitted to the jury, despite the fact that its verdict for the plaintiff, if found, would clearly have to be set aside. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, J., concurs in the conclusion of MacLEAN, J.

SCOTT, P. J. (concurring).   I concur in the reversal of the judgment for the reasons given by Mr. Justice MacLEAN, but am not willing to go so far as to say that a verdict for plaintiff would certainly have to be set aside.

(48 Misc. Rep. 626)

WORDEN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   November 24, 1905.)

1. PLEADING—BILL OF PARTICULARS—FORM.
    A provision in an order directing a bill of particulars that, in case plaintiff has no knowledge with reference to the particulars, she shall state such lack of knowledge under oath in lieu thereof, is not improper.

2. SAME—APPLICATION FOR BILL OF PARTICULARS.
    A defendant, moving, after answering to the merits, for an order directing a bill of particulars, need not aver in his moving affidavit that he has fully stated the case to his counsel, and give the name and address of counsel, as required by practice rule 23.

Appeal from City Court of New York.

Action by Mary A. Worden against the New York City Railway Company.   From an order granting in part a motion for a bill of particulars, plaintiff appeals.   Affirmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Kelly & Hoeninghaus, for appellant.
Bayard H. Ames and F. Angelo Gaynor, for respondent.

MacLEAN, J.   Appealing from an order directing a bill of particulars, the plaintiff urges as improper the inclusion therein, "that, in case the plaintiff has no knowledge with reference to any of the foregoing particulars, she shall state such lack of knowledge under oath in lieu thereof."   Authority thereto appears, however, in Ziadi v. Interurban St. Ry. Co., 97 App. Div. 137, 89 N. Y. Supp. 606.

He also urges as improper the failure of the moving affidavit to state that the affiant had fully and fairly stated the case to counsel, with the name and address of such counsel, as required by rule 23 of practice.   While so determined by this court, notwithstanding the statement that he has been advised by his counsel (Bowman Cycle

Co. v. Dyer, 23 Misc. Rep. 620, 622, 52 N. Y. Supp. 159), it was so determined before issue joined, which is not this case. Here the defense and its merits have been exhibited by answer, and therefore the rule does not apply.

Order affirmed, with costs and disbursements. All concur.