### HOAREAU v. SCHWARTZKOPF et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

PLEADING (§ 317*)—COMPLAINT—BILL OF PARTICULARS.

    Where, in an action for the death of a servant, the complaint alleges a failure of the master to provide safe and proper tools, appliances, and machinery, and a failure to see that the tools, appliances, and machinery furnished were reasonably suitable and safe, a bill of particulars will be required, on the motion of the master, denying that he knows what tools, appliances, and machinery plaintiff claims he failed to provide, or in what respects it is claimed he failed to use reasonable care to furnish safe tools, appliances, and machinery.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 956; Dec. Dig. § 317.*]

Appeal from Special Term, Queens County.

Action by Anna M. Hoareau, as administratrix of Louis Hoareau, deceased, against Morris Schwartzkopf and another. From an order denying a motion for a bill of particulars, defendants appeal. Reversed, and motion granted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Carl Schurz Petrasch, for appellants.

David C. Hirsch (John F. McIntyre, on the brief), for respondent.

RICH, J. The action is to recover damages for the death of plaintiff's intestate, alleged to have been caused through defendants' negligence. The complaint alleges a failure to provide the decedent with safe and proper tools, appliances, and machinery; that they failed and omitted to see that the tools, appliances, and machinery furnished were reasonably suitable and safe for the purposes for which they were to be used. These allegations are conclusions of fact, and there

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is no averment of the facts upon which they rest. It is not alleged what tools or machinery the deceased was using at the time of the accident, nor what the "apparatus" is that it is alleged was being used, and which was not proper, to prevent the pattern wheel from flying apart. The learned justice at Special Term denied the motion upon the ground that:

"The defendants should know more about the particulars of their own machine than the widow of their deceased employé."

This is undoubtedly true; but they deny that they know what tools, appliances, and machinery the plaintiff claims they failed to provide, or in what respects it is claimed they failed and omitted to use reasonable care and prudence, or in what respect they failed and omitted to see that the tools and machinery used were suitable and safe. They wish to know what the plaintiff claims, and I think that they are entitled to the information. The complaint does not advise them what tools, appliances, or machinery the allegations of the complaint are directed to. The bill of particulars may be necessary to enable the defendants to prepare for trial and to prevent surprise thereat. They should not be called upon to prepare to meet each and every contingency that might be suggested as the ground of their negligence, by the general allegations of the complaint. Tilton v. Beecher, 59 N. Y. 176, 187, 17 Am. Rep. 337; Dwight v. Germania Life Ins. Co., 84 N. Y. 493, 505; Niemoller v. Duncombe, 33 App. Div. 536, 53 N. Y. Supp. 872; Daly v. Bloomingdale, 71 App. Div. 563, 76 N. Y. Supp. 131; King v. Brookfield, 72 App. Div. 483, 76 N. Y. Supp. 604; Robinson v. Stewart, 84 App. Div. 594, 82 N. Y. Supp. 928; Burke v. Frenkel, 95 App. Div. 89, 88 N. Y. Supp. 517; Causullo v. Lenox Construction Co., 106 App. Div. 575, 94 N. Y. Supp. 639; Dwyer v. Slattery, 118 App. Div. 345, 103 N. Y. Supp. 433; Waller v. Degnon Contracting Co., 120 App. Div. 389, 105 N. Y. Supp. 203; Bjork v. Post & McCord, 125 App. Div. 813, 110 N. Y. Supp. 206.

The order must be reversed, with $10 costs and disbursements, and defendants' motion for a bill of particulars granted, with costs. All concur.