### CURTIS v. PHELPS et al.

(District Court, N. D. New York. November 24, 1913.)

1. PLEADING (§ 317*)—BILL OF PARTICULARS—RIGHT TO BILL.

Where, in an action at law by the receiver of a national bank to recover from the directors damages resulting from their negligence in permitting the looting of the bank by the cashier, plaintiff was necessarily forced to obtain his information from an examination of the bank's books and papers, which were and had been equally available to defendants,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the forged notes by which the cashier had abstracted money from the bank were set out in full so far as known, and his acts of misconduct stated, defendants were not entitled to a further bill of particulars to make the complaint more definite and certain.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

2. PLEADING (§ 313*)—BILL OF PARTICULARS—OFFICE.

The office of a bill of particulars is to prevent surprise and narrow the evidence to the issues framed, but not to furnish defendant with plaintiff's evidence or the names of his witnesses, or to unduly limit the evidence on the trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

3. PLEADING (§ 320*)—BILL OF PARTICULARS—DUTY TO FURNISH.

A party cannot be required to furnish a better or more particular statement unless he has more information on the subject than his adversary.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 972; Dec. Dig. § 320.*]

In Equity. Bill by Rensselaer L. Curtis, as receiver of the First National Bank of New Berlin, against Almer H. Phelps and others. On motion by defendant Herbert L. Wheeler for a further and better statement of complainant's claim and further and better particulars of the various matters alleged in the complaint. Denied.

See, also, 208 Fed. 577.

Geo. W. O'Brien, of Syracuse, N. Y., for complainant.

Ulysses G. Welch, of Edmeston, N. Y. (Herbert L. Wheeler and O. U. Kellogg, both of Cortland, N. Y., of counsel), for defendant.

RAY, District Judge. The complainant is the receiver of the First National Bank of New Berlin, and his information necessarily has been derived from an examination of the books of the said bank and papers found therein when it was closed and came into his possession, and information derived from the directors, officers, and employés and customers of the said bank, and people residing in that vicinity.

[1] The defendants were directors of the said bank, and, for years, or during their respective terms of office, had access to all the books and papers of the bank (and such books will be open for the inspection of the defendants at suitable times and places and under suitable regulations), and reside at or in the vicinity of the village of New Berlin, where all or nearly all of the transactions complained of took place and, in view of the voluminous and specific charges in the bill of complaint, must be, or, at least, may be, as well or better informed as to all such matters than the complainant himself. The alleged forged notes are set out in full so far as known. Arnold, the cashier, whose incompetency, immoral life, and extravagant and wasteful habits are referred to and charged, resided in New Berlin, had charge of the bank and was associated with the defendants, and his habits and mode of life, etc., must be far better known to them than to the complainant. At least, due and diligent inquiry will fully inform the defendants as to the truth or falsity of such allegations. Just how,

by what means, and when Arnold abstracted, purloined, or stole the funds of the bank and made it insolvent are matters as to the details of which the directors are or should be much better informed than the complainant. The contents of the books, the false entries, or no entries, as the case may be, the forged notes and false certificates of deposit, and untrue entries concerning same, are or may be known to the defendants by examining the books, and on these and the absence of the funds and the wasteful and dissolute life of Arnold, quite likely, the complainant bases the charge that Arnold abstracted and embezzled the funds. Just when and how it was done the complainant probably is unable to state, and he so says. Taking the whole subject-matter into consideration, with the means of knowledge open to the complainant and those which have been and are open to the defendant with the very full statements of the bill of complaint of over 120 typewritten pages, I am constrained to the conclusion that the motion should be denied.

[2] It is not the office of a bill of particulars to furnish the defendant with complainant's evidence, or the names of his witnesses, or to unduly limit the evidence on the trial, but to prevent surprise and, of course, narrow the evidence to the issues framed.

[3] It is also fundamental that the party required to furnish a better and more particular statement shall be better informed on the subject than his adversary. Not only are the notes referred to set out, but a transcript of the certificate of deposit account is annexed to the bill of complaint. As to reports made to the Comptroller of the Currency with which the defendant Wheeler had to do, it is apparent that Wheeler knows better than the complainant, and, moreover, copies can be had. On the question of the negligence of the defendant it is apparent from the bill of complaint that he is charged with, not only special and specific acts of negligence as charged, but with general and continuous negligence in respect to all the matters charged while the defendant had to do with the bank. Again, it is impossible for the complaint to state in advance just what his witnesses will testify to, and for this reason no specifications should be required which would unduly limit the complainant on the trial and result in the concealment of the truth rather than its development and in serious embarrassment at the trial. It has been wisely said that:

"Great caution should be exercised by the courts in requiring parties to furnish particulars in actions for damages resulting from negligence." Villiers v. Third Ave. R. R. Co., 22 Misc. Rep. 17, 48 N. Y. Supp. 614; MacDonald v. N. Y., N. H. & H. R. Co., 25 R. I. 40, 54 Atl. 795; 4 Standard Encyclopedia of Proc. 384, note 79.

The motion is denied.