RUBINFELD v. STOLTS.

(Supreme Court, Special Term, New York County. June, 1916.)

PLEADING ☞323(3)—BILL OF PARTICULARS—KNOWLEDGE OF PARTIES—AFFIDAVIT.

A bill of particulars may be properly ordered to point out such claims as plaintiff sets up and make the issues to be litigated intelligent and definite; but it is not the office of a bill of particulars to expose to an adversary the evidence of the party giving it, but the affidavit on motion for a bill of particulars need not allege that defendant had no knowledge of the particulars of the plaintiff's claim.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 978; Dec. Dig. ☞323(3).]

Action by Samuel Rubinfeld, an infant, by Charles Rubinfeld, his guardian ad litem, against Julius W. Stolts, as president of J. & J. W. Stolts. Motion for a bill of particulars granted.

Alfred W. Andrews, of New York City, for the motion.
Almy, Van Gordon, Evans & Kelly, of New York City, opposed.

GIEGERICH, J. While it is true that in the cases cited by the plaintiff (Bowman Cycle Co. v. Dyer, 23 Misc. Rep. 620, 52 N. Y. Supp. 159; Dorgan v. Scheer, 31 Misc. Rep. 801, 62 N. Y. Supp. 1030; Wales Mfg. Co. v. Lazzaro, 19 Misc. Rep. 477, 43 N. Y. Supp. 1110; Villiers v. Third Ave. R. R., 22 Misc. Rep. 17, 48 N. Y. Supp. 614; Webster v. Fitchburg R. R., 32 Misc. Rep. 442, 66 N. Y. Supp. 220), as well as in some text-books on practice (1 Nichols, New York Practice, 873; Bradbury's Rules of Pleading, 1416), it is stated that in order to obtain a bill of particulars the affidavit must show the ignorance of the applicant as to the particulars sought and that they are within the knowledge of the other party, it would seem, from more recent decisions, that such requirements are no longer imposed. In the case of Dwyer v. Slattery, 118 App. Div. 345, 346, 103 N. Y. Supp. 433, the court said:

"The question in applications of this kind is, not what may have been the actual facts, nor the knowledge of the opposite party concerning them, but rather what the aggrieved party claims them to be. What they are claimed to be is the issue that is to be met and tried, and where the pleading is not

specific in this regard a bill of particulars is properly ordered to point out such claims and thus make definite the issues to be litigated. It is not the office of a bill of particulars to expose to his adversary the evidence of the party giving it. The purpose of such a bill is to amplify the pleadings and to indicate with more particularity than is ordinarily required in a formal plea the nature of the claim made in order that surprise upon the trial may be avoided and that the issue may be more intelligently met."

The rule so laid down has been followed and applied in Waller v. Degnon Contracting Co., 120 App. Div. 389, 390, 105 N. Y. Supp. 203, Bjork v. Post & McCord, 125 App. Div. 813, 110 N. Y. Supp. 206, Hoareau v. Schwartzkopf, 142 App. Div. 69, 126 N. Y. Supp. 448, and Havholm v. Whale Creek Iron Works, 159 App. Div. 578, 582, 144 N. Y. Supp. 833, and under it the affidavit upon which this motion is based is clearly sufficient, even though it does not allege that the defendant had no knowledge of the particulars of the plaintiff's claim. No other point is made in the brief of the plaintiff in opposition to the motion, which was submitted without oral argument, and there does not appear to be any sufficient ground for refusing the application.

Motion granted, with $10 costs to the defendant to abide the event of the action. The bill of particulars is directed to be served within 10 days after service of a copy of the order, with notice of entry thereof. Order signed.