(101 App. Div. 43)

KNIPE v. BROOKLYN DAILY EAGLE.

(Supreme Court, Appellate Division, Second Department. January 27, 1905.)

1. PLEADING—BILLS OF PARTICULARS—DISCRETION OF COURT.
    Under Code Civ. Proc. § 531, providing that the court may, upon application in any case, direct a bill of particulars of the claim of either party to be delivered to the adverse party, the granting or withholding of the bill of particulars is within the discretion of the court, which will not be interfered with by an appellate court unless abused.

2. SAME—ACTIONS FOR LIBEL.
    In an action for libel defendant pleaded in mitigation that the article published was founded upon statements of residents of the police precinct of which plaintiff was captain, to a reporter of defendant, who believed them to be true. Held, that a bill of particulars containing the

name and address of the reporter and the names and addresses of the residents of plaintiff's precinct who made the statements to defendant's reporter was properly denied.

**3. LIBEL—JUSTIFICATION—BURDEN OF PROOF.**
    In an action for libel the burden of proving facts alleged in justification is on defendant.

**4. BILLS OF PARTICULARS—MOTIONS—PRESUMPTIONS.**
    It will not be presumed, in support of a motion to compel defendant to furnish a bill of particulars stating the names and addresses of his witnesses, that such witnesses are of questionable character.

Appeal from Special Term, Kings County.

Action by William Knipe against the Brooklyn Daily Eagle. From an order denying a motion for a bill of particulars, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

George W. McKenzie, for appellant.

John J. Kuhn, for respondent.

WOODWARD, J.   The plaintiff brings this action to recover damages alleged to have been sustained by reason of an alleged libel published by the defendant.   The answer sets up as a plea in justification that the matter as published is true, and as a partial defense and in mitigation of damages sets out certain matters relating to the conduct of the plaintiff as captain of police in the Coney Island Precinct, and then alleges that "said article published by this defendant was founded upon statements made by persons residents of said Coney Island, or having places of business in said Coney Island, to a reporter of this defendant, who believed them to be true."   The plaintiff moved to strike out certain paragraphs of the answer, or, if this was denied, to compel the defendant to give a bill of particulars "as to the matters which he will offer in evidence in mitigation of damages, as well as in justification, set forth in paragraph fourth, and also a bill of particulars as to the matters set forth in paragraph third, and for such other and further relief as to the court may seem just and proper."   The motion was denied in full, and the plaintiff appeals to this court.

It is not urged on this appeal that the court erred in refusing to strike out portions of the answer, but the appellant contends that he "is entitled to a bill of particulars which will contain the name and address of the reporter, and the names and addresses of the persons residents or having a place of business at Coney Island who made the statements to the reporter as alleged in the answer."   We are of opinion that the authorities cited in support of this proposition do not go to the length suggested by the appellant.   The granting or withholding of a bill of particulars is within the discretion of the court (section 531, Code Civ. Proc.), and where there has been no abuse of this discretion the appellate courts will not, as a rule, interfere (Spencer v. Fort Orange Paper Co., 74 App. Div. 74, 77 N. Y. Supp. 251).   Having this general rule

¶ 3. See Libel and Slander, vol. 32, Cent. Dig. § 280.

in mind, we will examine the authorities cited by the appellant, to learn if the court has, within well-established rules, abused its discretion in the matter now before us.

It was held by the Court of Common Pleas in the City of New York in the case of Orvis v. Dana, 1 Abb. N. C. 266, that the power to require particulars from a defendant in a libel suit setting up a justification ought not to be exercised; but this decision was criticised and overruled in Ball v. Evening Post Publishing Co., 38 Hun, 11, 15, where the better rule was asserted that "the only proper office of a bill of particulars is to give information of the specific proposition for which the pleader contends in respect to any material and issuable fact in the case, but not to disclose the evidence relied upon to establish any such proposition." Clearly, the names and addresses of the reporter and of the residents of Coney Island who communicated information to such reporter are not issuable facts. They are simply the instrumentalities by which the defendant proposes to establish facts in mitigation of damages, and we know of no authority which holds that it is the duty of a party to a litigation to disclose to his adversary the names of the witnesses he will call in support of his allegations, unless this is an incident to the furnishing of information in reference to an issuable fact.

Bell v. Heatherton, 66 App. Div. 603, 73 N. Y. Supp. 242, cited by the appellant, was an action for libel, in which the plaintiff alleged that he had suffered $5,000 special damages by reason of "the refusal of divers persons, who had theretofore sold him goods on credit, to deal with him, or deliver to him goods, including goods theretofore ordered, without payment of cash." It was held that "the bill of particulars of the special damages should have been confined to the names and addresses of the persons, firms, and corporations the loss of whose trade and business resulted in the damages." This was not for the purpose of disclosing the names of the witnesses, but to limit the issues to the particular firms and corporations pointed out by the plaintiff, and was necessary to a proper trial of the action, as an allegation of "divers persons" opened the door to all manner of evidence upon the trial, unless it was limited by an enumeration, which must have been entirely known to the plaintiff.

Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 76 N. Y. Supp. 671, held that an insurance company might be compelled to give a bill of particulars in reference to the matters which it alleged as defenses; and the court say (page 323, 73 App. Div., page 674, 76 N. Y. Supp.):

"Of course, a bill of particulars may not be required for the purpose of disclosing the evidence or names of witnesses of an adversary, but it will be required for the purpose of giving definite information as to a claim or proposition contended for by an adversary with respect to any material fact at issue, even though this may involve a disclosure of the names of individuals with whom it is claimed the transactions were had. * * * The office of a bill of particulars is to amplify a pleading, and to inform a party with reasonable certainty of the nature of the claim made by his adversary, in order to prevent surprise, and to enable him to intelligently meet the issue upon the trial. * * * The name of a witness, as such, may not be required to be disclosed, but the name of an individual with whom it is claimed that the transaction which is one of the issues in the case was had may, in

a proper case, be required to be specified, even though it may be the intention of the opposite party to prove the fact by such individual as a witness."

.But in the case now before us the defendant's answer clearly sets forth the claim. It is that the article complained of was "founded upon statements made by persons residents of said Coney Island, or having places of business in said Coney Island, to a reporter of this defendant, who believed them to be true." This limits the defendant to calling its reporter and "persons residents of said Coney Island, or having places of business in said Coney Island," and we are of opinion that none of the ends of justice is to be subserved by compelling the defendant to furnish a list of its witnesses.

Mason v. Clark, 75 App. Div. 461, 78 N. Y. Supp. 327, was an action for slander, and it was held that the court at Special Term was justified in ordering the plaintiff to furnish a bill of particulars "specifying the name or names of the person or persons in whose presence he expects or intends to prove the defendant uttered the alleged slanderous words as set forth in the complaint herein." ·The answer denied that the defendant spoke the words complained of, and the affidavit of the defendant upon which the motion was granted alleges that he is ignorant of the name or names of the persons in whose presence the plaintiff expects or intends to prove that the defendant uttered the alleged slanderous words. The allegation of the complaint was quite general, alleging that the words were spoken in the presence of "divers persons," and the court directed that the order be modified "so that it could not be construed as justifying the court in rejecting the testimony if it appeared that others than those named by the plaintiff in the bill of particulars were present at the time referred to in the bill of particulars." An essential element of slander is that the slanderous words should have been spoken in the presence of persons other than the plaintiff, for without this there could be no tendency to injure or disgrace the person of whom the words are spoken. 18 Am. & Eng. Ency. of Law (2d Ed.) 862; 9 Bacon's Abridgment, 32; 13 Ency. of Pleading & Practice, 42, 43; Terwilliger v. Wands, 17 N. Y. 54, 59, 72 Am. Dec. 420, and authorities there cited. It was proper, therefore, that the court should direct that the name or names of some of the persons in whose presence the words were uttered should be given, to the end that the defendant might be prepared to know in advance something of the circumstances surrounding the alleged slander.

Tallmadge v. Press Company (Sup.) 7 N. Y. Supp. 895, does not discuss the question, except to assert that "it is now well settled that a defendant may be compelled to furnish a bill of particulars of the matters set up for defense in a suit for libel"—a proposition which is not disputed in a proper case; but we are clearly of opinion that the court at Special Term has not erred in its conclusion that this was not a proper case in which to grant this favor to the plaintiff.

The defendant has pleaded a justification, setting forth that:

"The plaintiff omitted to perform his duties as a peace officer, or the duties specifically enjoined upon him by the statutes and the rules and regulations of the police department and the ordinances of the city of New York; that plaintiff was dishonest, and unworthy of confidence in his position as such police officer; that he was in league with and aided and abetted gamblers, 'knockout drops' men, poolroom keepers, thugs and crooks, and other vile and

vicious persons who ply their trade at said Coney Island, and that he permitted such vile and vicious persons and criminals to exist and ply their trade for the purpose of blackmail or extortion, and for his own personal benefit."

The burden is upon the defendant to establish its defense by showing the truth of its allegations, and, if its charges are true, important considerations of public policy demand that the facts should be known. The plaintiff is not to disprove the charges, and it may not be presumed, for the purposes of this motion, that the defendant intends to establish its case by evidence of questionable witnesses, as the plaintiff suggests in support of this appeal.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.