Alexander Pfeifer, for appellant.
Sigmund S. Rotter, for respondent.

PER CURIAM. The moving papers disclose that the husband brought an action against his wife to obtain a decree of separation. The defendant, in answer thereto, denied the averments of the complaint, and also set up an affirmative defense by way of counterclaim, and demanded judgment in her favor for a separation. It does not appear that any award of alimony has ever been made. The parties were living separate and apart before the commencement of the action, and in December, 1904, prior to its commencement, the defendant caused the plaintiff to be arrested for abandonment, and upon a hearing before a magistrate the plaintiff was directed to pay to the defendant $8 a week for support and maintenance, which sum of money has been paid since that time. The moving papers tend to establish that the plaintiff was earning from $40 to $50 a week, and that he had in bank about the sum of $500. The answering affidavit shows that the plaintiff has no bank account or other money or property aside from his earnings; that he only earns $15 weekly. As to the amount of his earnings, he is supported by his employer, who testifies that his work is not steady, and that in two weeks from the time when the application was made he would be laid off from his employment, on account of the character of the business, for at least two months. The answering affidavit further tends to show that the plaintiff lives with his mother, a widow, who is supported by him. It is therefore fairly made to appear that the plaintiff is not able to pay any considerable amount of alimony or counsel fees, and to enlarge the sum beyond the amount he is able to pay may result in depriving the defendant of that of which she is already in receipt. Under these circumstances, we think the proper disposition of the case to be an allowance of $8 per week as alimony—the order therefor to be a substitute for the order of the magistrate directing such payment—and the further allowance of the sum of $25 as counsel fee.

The order will therefore be modified in this respect, and, as modified, affirmed, without costs to either party in this court.

---

## CAUSULLO v. LENOX CONST. CO.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

MASTER—DEATH OF SERVANT—COMPLAINT—SUFFICIENCY.

    Allegations of the complaint in an action for the death of a servant that the injuries deceased received were caused through the negligence of the defendant, in its failure to supply deceased with a suitable place to work; that the place was dangerous, unprotected, unsafe, and unguarded, and that, through defendant's failure to supply deceased with a competent foreman, to guard and direct deceased in his work, he was struck by an electric wire or current—are mere conclusions, and defendant was entitled to require plaintiff to serve a bill of particulars as to the place at which deceased was at work, and in what respect the place was dangerous, un-

protected, unsafe, and unguarded, and also the name of the foreman, or whether the neglect was a failure to employ a foreman.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 956.]

Appeal from Special Term, New York County.

Action by Francesco Causullo, administrator of the estate of Carmine Pitzzulo, deceased, against the Lenox Construction Company. From an order denying a motion to require the plaintiff to serve a bill of particulars, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Richard B. Aldcroftt, for appellant.

Joseph A. Shay, for respondent.

INGRAHAM, J. The action is to recover damages caused by the death of the plaintiff's intestate when in the employ of the defendant. The complaint alleges that the injuries that the deceased received, and which caused his death, were caused through the negligence of the defendant, in its failure to supply the deceased with a suitable and proper place within which to do his work, and that the place where deceased was directed and obliged to do his work was dangerous, unprotected, unsafe, and unguarded, and, through its failure to supply said deceased with competent and suitable foremen to guide, guard, and direct deceased in his said work, by reason of which he was struck by an electric wire or current. These allegations are mere conclusions, and are most indefinite. It is manifestly impossible for the defendant to properly prepare for trial without some intimation as to the particular place at which the deceased was at work, and in what respect that place was dangerous, unprotected, unsafe, and unguarded, and also the name of the foreman alleged to be incompetent, or whether the neglect complained of was a failure to employ a foreman. To that extent the motion should have been granted.

It follows that the order appealed from should be reversed, and the motion granted, to the extent indicated, without costs. All concur.