(51 Misc. Rep. 664.)

DUTCH v. PARKER.

(Supreme Court, Appellate Term.  November 14, 1906.)

COURTS—MUNICIPAL COURT—APPEAL—ORDER OPENING DEFAULT.

By provision of Laws 1902, p. 1563, c. 580, § 257, an order of the Municipal Court opening a default and vacating the judgment is not appealable in the first instance.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by J. Fleming Dutch against Orrel A. Parker.  From an order, defendant appeals.  Dismissed.

See 97 N. Y. Supp. 966.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Henry S. Goodspeed, for appellant.

Marcus Helfand, for respondent.

PER CURIAM.  The order opening the default and· vacating the judgment is not appealable in ·the first instance.  Laws 1902, p. 1563, c. 580, § 257.  See Johnson v. Manning, 80 App. Div. 368, 80 N. Y. Supp. 738.

The appeal is therefore dismissed, with costs.

---

**BURHANS v. HUDSON RIVER WOOD PULP MFG. CO.**

(Supreme Court, Appellate Division, Third Department.  November 14, 1906.)

PLEADING—ANSWER—BILL OF PARTICULARS.

Where defendant in an action for breach of contract of employment alleged in his answer that plaintiff was rightfully discharged because, "for a long time previous thereto, he had persisted in a course of conduct antagonistic to defendants' superintendent and injurious to and destructive of discipline among the employés at defendants' works," plaintiff was entitled to a bill of particulars, specifying the nature and items of the "course of conduct" referred to in the answer, and the acts and omissions of plaintiff which were injurious to discipline whereby he failed and neglected to co-operate with the superintendent or antagonized him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 963–971.]

Appeal from Special Term.

Action by Frank Burhans against the Hudson River Wood Pulp Manufacturing Company.  From an order denying plaintiff's motion for bill of particulars, he appeals.  Reversed.

In this action the plaintiff claims that he was employed by the defendants as their assistant superintendent for one year from January 1, 1905, at an annual salary of $1,280, payable monthly, and that he was unlawfully discharged by them August 1, 1905; and he brings this action to recover damages for their breach of such contract.  The defendants, answering, claim that such hiring was by the month, and not by the year.  They also set up, as a further defense, that they discharged the plaintiff for "good cause."  The plaintiff has demanded a "bill of particulars of this last defense set up in the answer," and upon the refusal of the defendants to deliver any such bill he has made this motion for the same.  The court at Special Term denied the motion, with costs, and from the order entered thereon this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-LOGG, and COCHRANE, JJ.

John D. Eckert, for appellant.
John G. Van Etten, for respondent.

PARKER, P. J. The last defense set up in this answer is substantially this: That the plaintiff was rightfully discharged because, "for a long time previous thereto, he had persisted in a course of conduct antagonistic to defendants' superintendent and injurious to and destructive of discipline among the employés at defendants' said works." No further facts are given. No other, or more specific, statement of defendants' claim is made. Manifestly the plaintiff is not by such a general averment fairly apprised of the facts constituting the new matter upon which the defense is based, and he is entitled to acquire, under some method of procedure, the information that is so lacking.

The court below has not stated any grounds upon which this motion was denied, and it is possible that it was refused on the ground that the motion should have been, under section 546 of the Code, for an amendment of the pleading, so as to make it "more definite and certain," rather than under section 531 for a bill of particulars. If it appeared from the record that such a position had been taken, an examination of that question would be required here; but inasmuch as it has not, and inasmuch as there are many decisions that hold, under circumstances similar to this, that a bill of particulars may be granted (Spitz v. Heinze, 77 App. Div. 318, 79 N. Y. Supp. 187; Taylor v. Security Mutual Life Ins Co., 73 App. Div. 323, 76 N. Y. Supp. 671), we consider here only the question whether justice does not demand that plaintiff be informed with more particularity what facts defendants intend to prove against him to establish the "course of conduct" to which they refer. While we are not disposed to interfere with the discretion of the court below, we think in this case that it is so clearly apparent that the plaintiff has not, as yet, been apprised of the specific grounds upon which defendant's claim the right to discharge him, that this motion should not have been denied. To state that plaintiff's course of conduct was antagonistic to the superintendent, or that it was injurious and destructive to discipline among the employés, states nothing but a conclusion of the defendants based upon certain facts claimed to be known to them, but of which the plaintiff is not informed. Evidently the plaintiff is not prepared to meet upon trial such a claim. He is not thereby informed with reasonable certainty of the real issue tendered him, nor can he intelligently prepare to meet it until the acts or omissions which constitute the conduct referred to are stated to him. We think a bill of particulars should be rendered him, in which is specified the nature and items of the course of conduct in the answer referred to, the acts and omissions of the plaintiff whereby he failed and neglected to co-operate with the superintendent, or by which he antagonized him, and the acts or omissions which were injurious or destructive of discipline. It is the "course of conduct" therein referred to which it is claimed justifies the plaintiff's discharge, and, until facts upon which such claim is based are made apparent, it is difficult to determine just how far addi-

tional particulars should be required. Thus we do not know that any employé became insubordinate, and therefore it is not clear that the name and address of any employé will be needed. We are clear that the particulars should be given as above stated; and, if further particulars appear to be fairly needed after that, further application can be made for them.

The claim that the plaintiff has full knowledge of the reasons for his discharge, and that therefore a bill of particulars was not necessary, is not sustained by the record. A verbal statement of what the "conduct" complained of consisted, previously made by defendants' agent, would not take the place of a bill of particulars thereof, and should not be ground for refusing one.

Order reversed, with $10 costs and disbursements, and motion granted in accordance with opinion, without costs. All concur.