(118 App. Div. 345)

## DWYER v. SLATTERY.

(Supreme Court, Appellate Division, First Department. March 22, 1907.)

PLEADINGS—BILL OF PARTICULARS—RIGHT OF DEFENDANT.

Where the complaint alleges in general terms that an employé was hit by a flying rock from an explosion through the negligence of the employer and his servants, and particularly because of the failure to make proper rules for the safe conduct of the work and by the negligence of the person employed to superintend it, defendant was entitled to a bill of particulars showing whether the work of blasting was under the personal charge of defendant or in charge of an employé, and his name and duties, in what the negligence consisted, and what rules should have been made for blasting or warning, or what existing rule was disregarded.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 956.]

Appeal from Special Term, New York County.

Action by Edward Dwyer against John Slattery. From an order denying defendant's motion for a bill of particulars, he appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

William F. Clare, for appellant.

Louis F. Sonnenberg, for respondent.

HOUGHTON, J. The action is by an employé to recover for injuries alleged to have been caused by the negligence of the employer in the conduct and management of blasting an excavation for a building. The complaint alleged, in general terms, that plaintiff was hit by flying rock and splinters scattered by the explosion through the carelessness and negligence of the defendant and his agents or servants, and particularly because of the failure of defendant to make and enforce proper rules for the safe conduct of such work and by the negligence of the person employed by the defendant to superintend the same. The defendant moved that the plaintiff furnish a bill of particulars, setting forth his claim as to whether the defendant was personally in charge of the work, or whether it was in charge of a servant, and, if so, who such servant was or what position he occupied, and in what particular the blast was improperly fired, and of what the negligence therein consisted, and what rules would have been made for the greater safety of the work. The motion was denied, and the order of denial is attempted to be sustained on the ground that the defendant knew as much about the cause of the accident as the plaintiff, and possibly more.

This answer does not meet the situation. The question in applications of this kind is, not what may have been the actual facts, nor the knowledge of the opposite party concerning them, but rather what the aggrieved party claims them to be. What they claimed to be is the issue that is to be met and tried; and where the pleading is not specific in this regard a bill of particulars is properly ordered to point out such claims and thus make definite the issues to be litigated. It is not the office of a bill of particulars to expose to his adversary

the evidence of the party giving it. The purpose of such a bill is to amplify the pleadings and to indicate, with more particularity than is ordinarily required in a formal plea, the nature of the claim made, in order that surprise upon the trial may be avoided and that the issues may be more intelligently met. Slingerland v. Corwin, 105 App. Div. 310, 93 N. Y. Supp. 953. We think the defendant was entitled to know what the plaintiff will claim upon the trial respecting the following matters: Whether the work of blasting was under the personal charge of defendant at the time of the accident, or in charge of an employé, and his name or a description of him and his duties; in what claimed negligent manner the blast was fired, or from what claimed negligent cause; what rules should have been made for blasting or warning; or what existing rule was disregarded temporarily or habitually. To this extent the order for a bill of particulars should have been granted.

The order is reversed, without costs, and the motion granted as indicated, without costs. All concur.