(120 App. Div. 389)

WALLER v. DEGNON CONTRACTING CO.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

1. PLEADINGS—BILL OF PARTICULARS—RIGHT OF DEFENDANT.

Where a complaint alleged that plaintiff's intestate, an employé engaged in the construction of a tunnel under the East river, was asphyxiated by smoke which defendant, his employer, negligently permitted to enter the caisson in which the employé was working; and that the defendant failed to provide a proper and safe method of transmitting air to the caisson, and to provide a reasonably safe place for the prosecution of the work, defendant was entitled to a bill of particulars showing the caisson of the tunnel in which plaintiff's intestate was working, in what manner defendant was negligent in the management thereof, and in what respect he neglected to provide a proper and safe method of transmitting air and to furnish a reasonably safe place for the prosecution of the work.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 956.]

2. SAME—KNOWLEDGE OF PARTIES.

In an action for personal injuries, it is no answer to an application for a bill of particulars that the party making the claim is an administrator, and therefore has no personal knowledge of the actual facts, since the office of the bill of particulars is to specify the claim of a party to particularize the issue.

Appeal from Special Term, New York County.

Action by James E. Waller, as administrator of the goods, chattels, and credits of Luther Waller, deceased, against the Degnon Contracting Company. From an order denying defendant's motion for a bill of particulars, it appeals. Reversed.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

William L. O'Brien, for appellant.
Isaac Cohen, for respondent.

HOUGHTON, J. The action is to recover damages for the death of an employé, claimed to have been caused through the negligence of the employer.

Plaintiff's intestate was employed by the defendant in the construction of a tunnel under the East river. The complaint alleges that the

defendant negligently permitted smoke to enter the caisson in which plaintiff's intestate was working, from the effects of which he was asphyxiated, and, further, that the defendant failed to provide a proper and safe method of transmitting air to such caisson, and to provide a reasonably safe place for the prosecution of work. The answer is a denial and a plea of assumption of risk. The defendant moved for a bill of particulars, requiring plaintiff to state in which one of the caissons of the tunnel plaintiff's intestate was working, and in what manner defendant was negligent in the management thereof, and in what respect it neglected to provide a proper and safe method of transmitting air and to furnish a reasonably safe place for the prosecution of the work. This motion was denied, and we think improperly.

The order of denial is sought to be sustained because whatever facts exist are more particularly within the knowledge of the defendant than that of the plaintiff administrator. It is true that the administrator may not have any knowledge of the actual facts, but he does know upon what theory he seeks to recover damages from the defendant. In applications for a bill of particulars in actions of this kind, the question is not necessarily what may have been the actual facts, nor the knowledge of the opposite party concerning them, but rather what the aggrieved party claims them to be. Dwyer v. Slattery (App. Div., March term, 1907, First Dept.) 103 N. Y. Supp. 433. The issues to be tried are respecting the claims of the opposing parties. A bill of particulars is not for the purpose of exposing to one's adversary the evidence of the party giving it, but to amplify or limit the pleadings and point out the issues to be met on the trial. Although the plaintiff may have no personal knowledge, yet he can state the claim which he purposes to establish upon the trial respecting the permitting of smoke to enter the caisson, the character of the negligence which he purposes to prove which caused it, as well as the particular negligence which resulted in the failure to furnish air and to provide a reasonably safe place in which plaintiff's intestate could prosecute his work. By stating his claim in these respects, the defendant will be apprised of the issues to be met upon the trial. That exact issues for determination should be pointed out is not only of importance to the parties, but to the courts, to the end that they may be met speedily and in an orderly manner. That they should be thus pointed out is extremely proper where the work is of magnitude, divided into different departments, and under the charge of several overseers; otherwise, a defendant might be compelled to bring his entire force of employés and superintendents to the trial in order to meet some possible act of negligence which the plaintiff's proof might develop.

The office of a bill of particulars being to specify the claim of a party and to particularize the issue, it is no answer to an application therefor that the party making the claim is an executor or administrator, and therefore has no personal knowledge. Heslin v. Lake Champlain & Moriah Railroad Co., 109 App. Div. 814, 96 N. Y. Supp. 761.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.