### BJORK v. POST & McCORD.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. PLEADING—BILL OF PARTICULARS—NECESSITY.
   Where a complaint alleged that at a certain time, while plaintiff's intestate was in defendant's employ, on contracting operations at a certain place, he was caused to fall and sustain injuries resulting in death, without any negligence on his part, by defendant's negligence in failure to furnish a reasonably safe place to work, and to reasonably safeguard, inspect, and keep safe the place, appliances, and apparatus with which deceased was obliged to work, and failure to furnish him with reasonably safe appliances, apparatus, works, and machinery with which to work, and failure to furnish competent foremen and co-workmen to guide, direct, and assist in the performance of the work, and failure to formulate, promulgate, and enforce proper rules and regulations for the safety of himself and co-employés, as the result of which he was caused to fall and be injured and killed, as stated, a motion for a bill of particulars was improperly denied.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 956.]

2. SAME—ABILITY TO FURNISH PARTICULARS—ACTIONS BY ADMINISTRATOR.
   Where the case was on the day calendar when the motion was made, the fact that plaintiff was an administratrix was no ground for denying the motion, for to recover she was required to prove her claim, and must be presumed to be ready to prove it.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 973.]

3. SAME—OBJECT OF BILL.
   The object of a bill of particulars is to amplify the pleadings, define the issues, limit the proof, make certain what is uncertain, and apprise the defendant of what he is required to meet.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 949.]

4. SAME—KNOWLEDGE OF MOVING PARTY—EFFECT.
   The fact that the matters sought to be discovered by a proposed bill of particulars are within the knowledge of the moving party is no ground for denial of the motion.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 972.]

Appeal from Special Term.

Action by Anna Bjork, administratrix of the estate of Carl Bjork, against Post & McCord. From an order denying a motion for a bill of particulars, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Frank V. Johnson (William L. O'Brien, of counsel), for appellant.
Thomas Cradock Hughes, for respondent.

CLARKE, J. This. is an administratrix's action to recover for the death of her decedent, alleged to have been due to the negligence of the defendant. The complaint sets forth a cause of action in the most general language, from which it is impossible to ascertain the nature of the employment of the decedent, the manner of his death, or the negligent acts complained of. It alleges that on or about August 3, 1906, while plaintiff's intestate. was in defendant's employ on defendant's contracting operation at Thirty-Ninth street and First avenue, New York City, Manhattan, he was caused to fall and sustain injuries resulting in his death; "that said injuries and death were caused without any negligence on the part of this plaintiff's intestate in any wise contributing thereto, but solely by the defendants' negligence, in that as deceased's master they failed to furnish him with a reasonably safe place to work, and failed to reasonably safeguard, inspect, and keep safe the place, appliances, and apparatus with which deceased was obliged to work, and failed to furnish him with reasonably safe appliances, apparatus, works, and machinery with which to do his work, and failed to furnish him with competent foremen and co-workmen to guide, direct, and assist him in the performance of his work, and failed to formulate, promulgate, and enforce proper rules and regulations for his safety and that of his co-employés, as a result of which he was caused to fall and be injured and killed, as aforesaid."

In substance, the complaint alleges that decedent, while in the employ of the defendant, fell and was killed by reason of defendants' negligence. So far as informing the defendant of what it would be required to meet upon the trial, it might as well have been a piece of blank paper. A case could hardly be presented in which the propriety and necessity of a bill of particulars was more obvious. That the plaintiff is an administratrix is no answer. The case was on the day calendar when the motion was made. To recover she must prove her claim. Being upon the day calendar, she must be presumed to be ready to prove her claim, and it is the details of her claim, the particulars of which are asked. As said many times, the object of a bill of particulars is to amplify the pleading, to define the issues, and to limit the proof, to make certain that which is uncertain, and to apprise the defendant of what he is required to meet. The learned court in denying the motion said:

"The facts sought to be discovered by the proposed bill of particulars are within the knowledge of the defendant."

This is not a ground for the denial of the motion. Dwyer v. Slattery, 118 App. Div. 345, 103 N. Y. Supp. 433. This court has so frequently expressed its views upon the subject of bills of particulars in like cases that there should be no doubt in the profession as to the rule bearing upon the subject. Causullo v. Lenox Construction Co., 106 App. Div. 575, 94 N. Y. Supp. 639; Waller v. Degnon Contract-

ing Co., 120 App. Div. 389, 105 N. Y. Supp. 203; Kinsella v. Riesenberg, 124 App. Div. 322, 108 N. Y. Supp. 876.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.