for the reason that, having alleged full performance of the contract, the plaintiffs could not recover upon proof that they did not fully perform, but were prevented from so doing by the acts of the defendant, and that completion within the time limit fixed by the contract was waived. The difficulty which the appellant encounters is that objection to such evidence was not properly or seasonably taken. The appellant permitted evidence to be given without objection that the plaintiffs' failure to complete their work within the time limit of their contract was caused by the failure of the defendant to have the building in such condition that their work could be done. At no time during the trial was the attention of the court directed to any claim that such evidence was inadmissible under the pleadings, or that the plaintiffs were not entitled to recover upon such evidence. The attention of the court was not called to the fact that they had pleaded full and complete performance. The defendant introduced evidence upon the same subjects, and the case was tried and submitted to the jury upon the question of whether there had been substantial, although not complete, performance by the plaintiffs. The evidence for both parties upon this question was before the jury without objection; and the charge of the court, made at the request of counsel for the plaintiffs, "that there is an implied obligation on the part of the defendant to have the premises in readiness for the plaintiffs' work," and "if the jury find that there was a delay caused on the part of plaintiffs, by reason of the fact that the defendant did not have these premises in readiness on the day set for the beginning of the work, that there is a waiver as to the time," was not excepted to. It is too late now to raise this question. The appellant cannot be permitted to object to the testimony for the first time in this court, and avail itself of the benefit of the rule of law suggested.

No error was committed by the trial court in the charge relating to the alleged counterclaim. There was no evidence of any loss of bonus or payment of forfeiture caused by plaintiffs' failure to finish their work within the time stated in the contract, and no evidence of damage of any kind sustained by defendant which could be charged to such failure. In the absence of such evidence, the defendant was not entitled to any relief based upon the counterclaim.

The judgment of the Municipal Court must be affirmed, with costs. All concur.

---

### DITOLLO v. ERIE R. CO.

(Supreme Court, Appellate Division, First Department. June 19, 1908.)

PLEADING—BILL OF PARTICULARS—ANSWER TO DEMAND.

The case having reached the call calendar and been set down for trial, it is to be assumed that plaintiff, the action being based on an accident caused by a tug and float and negligence of the pilot in charge of the tug, has some knowledge respecting the identity of the crafts and the pilot, so that the bare allegation of lack of knowledge on plaintiff's part is an insufficient answer to a demand for a bill of particulars.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 972, 973.]

Appeal from Trial Term.

Action by Gaetano Ditollo, administrator, against the Erie Railroad Company. From an order denying a motion for a bill of particulars, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

William C. Cannon, for appellant.

PER CURIAM. The action has been reached on the call calendar and set down for trial. It is reasonable to assume, therefore, that the plaintiff is possessed of some knowledge respecting the facts alleged in the complaint, and which he will be obliged to prove. He should be able to designate, if not by name or number, at least by such description as will enable them to be identified, the tug and float concerned in the accident upon which this action is founded, and the defendant is entitled, in order to properly prepare for trial, to such information relating to the identification of the tug and float as the plaintiff possesses. So, also, if the plaintiff intends to prove the allegation of his complaint that the pilot in charge of the tug was unfit and incompetent and a habitual drunkard, he must be possessed of some information that will serve to establish the identity of the pilot, and this information should be imparted to defendant. The bare allegation of lack of knowledge on plaintiff's part is not a sufficient answer to the demand for a bill of particulars in such a case.

Order reversed, with $10 costs and disbursements, and motion granted.