## NELLIS v. BROWN–LEIPE GEAR CO.

(Supreme Court, Trial Term, Onondaga County.    April 3, 1911.)

1. PLEADING (§ 317*)—BILL OF PARTICULARS—PERSONAL INJURIES.

In a servant's action·for injuries by failure to furnish a reasonably safe place of work, reasonably safe tools or appliances, a competent foreman or fellow servants, or to promulgate and enforce proper rules, plaintiff must, upon demand, furnish·a bill of particulars specifying the place where he worked when injured, how it was dangerous, what work he was engaged in, the defect in the tool or machine furnished, where it was located, and its number, if known, when several machines are used by the employer, the superintendent's name, and the rules which should have been promulgated, or which, if promulgated, were violated.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

2. NEGLIGENCE (§ 111*)—ALLEGATIONS OF COMPLAINT.

The complaint in negligence actions should state specifically the grounds of negligence relied on.

[Ed. Note.—For·other cases, see Negligence, Cent. Dig. §§ 182–184; Dec. Dig. § 111.*]

Action by Charles H. Nellis against the Brown-Leipe Gear Company.  On defendant's motion for a bill of particulars.  Motion granted.

The complaint alleges that the plaintiff, while in the employment of the defendant, on June 30, 1910, in operating a machine known as the "Jones & Lamson flat turret lathe," which was defective in construction, received an injury which resulted in the total loss of his left eye.  Then is alleged in various ways what duties the defendant and its superintendent owed the plaintiff, covering substantially all that are known to the law of negligence as they relate to master and servant.  Disregard of those duties by apt allegations follows, and it is claimed that by reason thereof plaintiff was injured as stated.  Allegations then follow that plaintiff notified the defendant's superintendent of the defect in the machine, that he promised to make the needed repair, that afterwards plaintiff was told the repair had been made, but when he resumed work on the machine he met with his injury.

Goodelle & Harding, for the motion.
Jones, Townsend & Rudd, opposed.

PURCELL, J.  [1] I think it is well understood by the profession that where a complaint by a servant against his master alleges an injury caused by the master or ·the master's superintendent in failing to furnish· the servant a reasonably safe place in which to perform his work, reasonably safe tools or appliances with which to work, incompetency of foreman or fellow servants, and failure to promulgate and enforce proper rules for his protection, the servant, in an action to recover damages, must upon demand furnish a bill of particulars, specifying the particular place where he worked at the time of his injury, what work he was engaged in, in what respect the place of work was· dangerous, what the defect was in the machine or tool furnished him, where the machine was located, and its number, if known, when more than one such machine was in use by the master, the name of the superintendent in charge of the work, or the person

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

exercising superintendency, and what rule or rules should have been promulgated for the protection of the servant, or violated, if promulgated. Causullo v. Lenox Con. Co., 106 App. Div. 575, 94 N. Y. Supp. 639; Bjork v. Post & McCord, 125 App. Div. 813, 110 N. Y. Supp. 206.

[2] In general, I think it may be said that in negligence actions the plaintiff by his complaint should state specifically the grounds of negligence upon which he intends to rely on the trial. When this is done, the defendant cannot complain, and he goes to court prepared to meet the precise issues tendered. By the adoption of this course the court and parties can see at once what is to be tried, and valuable time is thereby saved.

As the complaint here omits to state with definiteness any of the matters above referred to, the motion for a bill of particulars is granted, and an order accordingly may be prepared. If form cannot be agreed upon, it may be submitted for settlement on three days' notice.

Motion costs to defendant to abide event.