(159 App. Div. 578.)

### HAVHOLM v. WHALE CREEK IRON WORKS.

(Supreme Court, Appellate Division, Second Department. December 5, 1913.)

1. PLEADING (§ 318*) — BILL OF PARTICULARS — MASTER AND SERVANT — CONTRIBUTORY NEGLIGENCE.

   A bill of particulars may be required of the affirmative defense of contributory negligence, the burden of which Laws 1910, c. 352, § 2, puts on defendant in a servant's action for injury.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969, 971; Dec. Dig. § 318.*]

2. APPEAL AND ERROR (§ 960*)—PLEADING (§ 316*)—BILL OF PARTICULARS—AUTHORITY OF COURT.

   The Special Term has power to require a bill of particulars, subject to review only for abuse of discretion.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3825, 3832–3834; Dec. Dig. § 960;* Pleading, Cent. Dig. § 951; Dec. Dig. § 316.*]

3. PLEADING (§ 320*)—BILL OF PARTICULARS—MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.

   That the facts are peculiarly within the knowledge of plaintiff, in a servant's action for injury, is no reason for denying a bill of particulars of the defense of contributory negligence; what they are claimed by defendant to be, and not what they really are, being what is sought.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 972; Dec. Dig. § 320.*]

4. PLEADING (§ 318*)—BILL OF PARTICULARS—MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.

   It is no reason for denying a bill of particulars of the defense of contributory negligence in a servant's action for injury that it may deprive defendant of the benefit of some act or omission, other than specified in the bill, to show contributory negligence; courts having power, on proper terms, to prevent injustice from such contingency.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969, 971; Dec. Dig. § 318.*]

5. PLEADING (§ 318*)—BILL OF PARTICULARS—MASTER AND SERVANT—ASSUMPTION OF RISK.

   A bill of particulars of the defense of assumption of risk may be required of defendant in a servant's action for injury.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969, 971; Dec. Dig. § 318.*]

Appeal from Special Term, Queens County.

See, also, 144 N. Y. Supp. 836.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

Joab H. Banton, of New York City, for appellant.

Don R. Almy, of New York City (William S. Evans, of New York City, and Vernon C. Ryder, of Patchogue, on the brief), for respondent.

STAPLETON, J. The action was brought under the Labor Law (chapter 31 of the Consolidated Laws, as amended by chapter 352 of the Laws of 1910). The casualty occurred on the 15th day of January, 1912. The complaint charged that "without any fault on his part, but solely through the fault, carelessness, and negligence of the defendant" (specifying acts constituting actionable negligence), plaintiff's left hand and fingers were caused to be drawn on to and against a circular saw while he was engaged in the performance of his labors, and that there-by he was injured. The answer contained a denial of the material allegations of the complaint, and alleged:

"For a further defense:

"Third. Defendant says that if the plaintiff was injured as set forth in the complaint, his injury was received through his own negligence contributing thereto, and not through any fault or neglect of the defendant.

"For a further defense:

"Fourth. Defendant says that if the plaintiff was injured as set forth in the complaint, his injury was such as was incident to his employment, and the risk thereof was assumed by him."

The plaintiff moved, at Special Term, for a bill of particulars of the defenses of contributory negligence and assumption of risk, and from the order granting the motion the defendant appeals. The mandatory provisions of the order are:

"Ordered, that the motion of the plaintiff for a bill of particulars herein be, and the same hereby is, granted without costs, and it is further ordered that the defendant serve upon the attorney for the plaintiff, on or before the 10th day of September, 1913, a verified bill of particulars specifying in detail: (1) A statement of the facts which constitute the acts of contributory negligence, of which the defendant claims plaintiff is guilty. (2) A statement of the facts, showing the risks inherent in the employment of the plaintiff and incident thereto, as claimed by the defendant in paragraph marked 'Fourth' of the answer."

[1] The plain purpose of this appeal is to invite the judgment of this court upon the power of the court at Special Term to require a bill of particulars of the affirmative defense of contributory negligence, made so by chapter 352 of the Laws of 1910, section 2 of which reads as follows:

"On the trial of any action brought by an employé or his personal representative to recover damages for negligence arising out of and in the course of such employment, contributory negligence of the injured employé shall be a defense to be so pleaded and proved by the defendant."

Until the enactment of this section the burden of affirmatively pleading and proving his freedom from contributory negligence rested upon the plaintiff. With the enactment of the law the burden was shifted to the defendant. Lockwood v. U. S. Steel Corporation, 153 App. Div. 655, 138 N. Y. Supp. 725. So recent has been the passing of the law cited that the question presented does not seem, until the present instance, to have reached the appellate courts. It has, however, more

than once been the subject of determination at Special Term. In 144 N. Y. Supp. 832, is a memorandum in Scanlon v. Wm. Henderson, Inc. (Special Term, New York County), wherein a motion for a bill of particulars was denied upon the ground that it called for evidence, and that it was not the office of a bill of particulars to expose to his adversary the evidence of the party giving it. On the other hand, in Szymanski v. Contract Process Co., 82 Misc. Rep. 46, 143 N. Y. Supp. 604, the motion was granted on the ground that the court had power to make an order for a bill of particulars of an affirmative defense (citing Dwight v. Germania Life Ins. Co., 84 N. Y. 493, and Spitz v. Heinze, 77 App. Div. 317, 79 N. Y. Supp. 187).

In master and servant cases involving actionable negligence, the element of freedom from contributory negligence, heretofore essential, as a matter of pleading and proof on the plaintiff's part, to a plaintiff's recovery, upon the theory that one who was injured by his own negligence was regarded by the law as not having been injured at all so far as other parties were concerned, has been wholly eliminated as an essential to plaintiff's case. Contributory negligence of the injured employé has thus become an affirmative defense. The power to require a bill of particulars in affirmative defenses has been asserted in a number of cases in which the causes of action have been diverse and the defenses various. Code of Civil Procedure, § 531; Dwight v. Germania Life Ins. Co., supra; Witkowski v. Paramore, 93 N. Y. 467; Kelsey v. Sargent, 100 N. Y. 602, 3 N. E. 795; Ball v. Evening Post Pub. Co., 38 Hun, 11, 15; Tallmadge v. Press Pub. Co., 57 Hun, 590, 10 N. Y. Supp. 713; Wynkoop, etc., Co. v. Albany Evening Union Co., 26 App. Div. 625, 49 N. Y. Supp. 1151; Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 76 N. Y. Supp. 671; Spitz v. Heinze, supra; Burhans v. Hudson River Wood Pulp Mfg. Co., 116 App. Div. 132, 101 N. Y. Supp. 271; Otto Huber Brewery v. Sieke, 146 App. Div. 467, 131 N. Y. Supp. 271.

Unless there is an essential difference between the special. defense of contributory negligence of an injured employé and other special defenses, there is no reason why the particulars of the pleading thereof should not be required. We perceive nothing peculiar about that special defense except its novelty. We see no reason why one who alleges in a verified pleading a general charge of contributory negligence should have any difficulty in particularizing. No greater burden is imposed upon the master in this respect than is imposed upon the employé with respect to the allegation of the master's negligence. The Legislature must be deemed to have legislated in contemplation of the frequent exercise by the courts of the power to require bills of particulars of affirmative defenses. The courts should act in harmony with the purposes of this reparative legislation, and should not be astute to discover nice grounds for differentiation which would impair its force and weaken its effect.

[2] The Special Term had the power to grant the order from which the appeal is taken. The power existing to grant or to withhold is in the discretion of the Special Term; and, where there has been no abuse of the discretion, this branch of the court will not, as a rule,

interfere. Knipe **v.** Brooklyn Daily Eagle, 101 App. Div. 43, 44, 91 N. Y. Supp. 872; Spencer v. Ft. Orange Paper Co., 74 App. Div. 74, 77 N. Y. Supp. 251; Loewenthal v. Globe & Rutgers Ins. Co., 132 App. Div. 890, 116 N. Y. Supp. 454. We find no such abuse in the matter now before us. Indeed, we expressly approve of the determination.

[3] The defendant contended that the facts sought to be elicited are peculiarly within the knowledge of the plaintiff, more so than within the knowledge of the defendant or any of its officers, and that therefore a bill of particulars would serve only to° expose its evidence in advance of the trial. The contention may be met by the answer of authority. In Dwyer v. Slattery, 118 App. Div. 345, at page 346, 103 N. Y. Supp. 433, the court said:

"The question in applications of this kind is not what may have been the actual facts, nor the knowledge of the opposite party concerning them, but rather what the aggrieved party claims them to be. What they are claimed to be is the issue that is to be met and tried, and where the pleading is not specific in this regard a bill of particulars is properly ordered to point out such claims, and thus make definite the issues to be litigated. It is not the office of a bill of particulars to expose to his adversary the evidence of the party giving it. The purpose of such a bill is to amplify the pleadings, and to indicate with more particularity than is ordinarily required in a formal plea the nature of the claim made in order that surprise upon the trial may be avoided and that the issues may be more intelligently met."

See, also, Waller v. Degnon Contracting Co., 120 App. Div. 389, 390, 105 N. Y. Supp. 203; Bjork v. Post & McCord, 125 App. Div. 813, 814, 110 N. Y. Supp. 206; Hoareau v. Schwartzkopf, 142 App. Div. 69, 70, 126 N. Y. Supp. 448.

[4] The defendant complains that the effect of the order is to deprive him of the benefit of evidence by which some act or omission establishing contributory negligence other than that specified in the bill of particulars could be proved. Such may be the result in every case in which specifications are required. The courts have ample power, on proper terms, to prevent injustice from the contingency, and the probability has been considered too remote to dispense with the bill which has proved so useful in the orderly administration of justice.

[5] We do not gather from the brief that the appellant seriously complains of the provision of the order affecting the defense of assumption of risk. Did he so complain, however, the reasoning with regard to the other requirement would apply.

I advise affirmance of the order, with $10 costs and disbursements.