LARRERE v. MORSE et al.

(Supreme Court, Appellate Term, First Department.   May 16, 1916.)

PLEADING ⊙═══320—BILL OF PARTICULARS—KNOWLEDGE OF MOVING PARTY.
    As the particulars authorized to be required by the bill of particulars
    are those of plaintiff's claim, defendant's knowledge of the alleged facts
    is immaterial.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 972; Dec. Dig.
    ⊙═══320.]

Appeal from City Court of New York, Special Term.

Action by Germain Larrere against Edward P. Morse, Jr., and the
Morse Dry Dock & Repair Company.  From so much of an order as
denied its motion for bill of particulars, in a case involving a collision
between plaintiff's and defendant's motor vehicles, as to the location
of the accident and the direction in which plaintiff's vehicle was pro-
ceeding, and as to a statement of the negligent acts which plaintiff
claims caused the accident, the defendant corporation appeals.   Or-
der reversed, and motion granted.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Armstrong, Brown & Purdy, of New York City (William F. Purdy,
of New York City, of counsel), for appellant.

Louis H. Moos, of New York City, for respondent.

BIJUR, J.   The learned court below denied the motion as to these
particulars on the ground that they were "apparently, at least, if not
more, within the knowledge of the defendant than the plaintiff."   It
is well settled in this department that, as the particulars authorized
to be required are of the party's *claim,* knowledge on the part of the
other party of alleged *facts* is quite immaterial.   Dwyer v. Slattery,
118 App. Div. 345, 103 N. Y. Supp. 433; Waller v. Degnon Contr.
Co., 120 App. Div. 389, 105 N. Y. Supp. 203; Bjork v. Post & Mc-
Cord, 125 App. Div. 813, 110 N. Y. Supp. 206.

The two cases cited as sustaining the contrary rule, namely, Griffin
v. Cunard S. S. Co., Ltd., 159 App. Div. 454, 144 N. Y. Supp. 517,
and Fernet v. Stewart Co., 163 App. Div. 112, 117, 148 N. Y. Supp.
646, relate to demands for a bill of particulars by a defendant as to
plaintiff's alleged contributory negligence, which manifestly stands
on an entirely different footing, and is governed, as the opinions show,
by entirely different considerations.

. Order reversed, with $10 costs and disbursements, and motion grant-
ed as to said particulars.   All concur.