MAURISE I. STRUNSKY, Plaintiff, *v.* LESLIE R. BILLUPS and Another, as Executors under the Last Will and Testament of GUSTAVUS L. LAWRENCE, Deceased.

Supreme Court, New York County, Ma ch 25, 1930.

*Daniel Miner*, for the plaintiff.

*McLaughlin & Stern*, for the defendants.

TOWNLEY, J.   Plaintiff served his complaint on February 13, 1929.   Within three days, and on February 16, 1929, issue was joined by service of the defendants' answer.   On February 25, 1929, upon plaintiff's default, the court ordered plaintiff to furnish a bill of particulars within twenty days.   On March 25, 1929, plaintiff served a bill of particulars and stated he would furnish an additional bill, but deemed it necessary to examine the defendants before trial.   On February 17, 1930, the defendants moved for an additional bill and stated in their moving affidavit: " That although more than eight months have passed and said case is now about to be reached upon the calendar of this court for trial,

the plaintiff has failed and neglected to furnish the additional or amended bill of particulars which he promised to give." On defendants' said motion for an additional bill plaintiff again defaulted, and on February 17, 1930, the court ordered plaintiff to serve an additional bill within ten days. Thereafter plaintiff did serve a so-called amended bill which the defendants considered insufficient, and thereupon defendants promptly moved to preclude. Said motion to preclude was granted on March 14, 1930, with leave to the plaintiff to apply for a modification of the order of February 17, 1930, upon showing by affidavit or other proof his inability or lack of knowledge to furnish the required particulars. Plaintiff now moves by an order to show cause to amend the order of February 17, 1930, by adding thereto: " If plaintiff is without knowledge with respect to any of the particulars ordered he will state such lack of knowledge under oath." Plaintiff has twice defaulted on motions respecting this bill of particulars. For over a year plaintiff has failed to fulfill the promise to furnish proper additional particulars and has never moved for examination of the defendants before trial, and upon this third opportunity offered to show his good faith and his lack of knowledge or information of the required particulars he fails and neglects to furnish the court with any proper proof of facts or any excuse for his negligent failure to comply with the order of February 17, 1930. The plaintiff clearly trifles with the court and neglects upon this present application to present any personal affidavit verified by himself. The only affidavit presented in support of the present motion is made by one Myer Strunsky (whose surname is the same as plaintiff's) who states he is an attorney associated in this case with the plaintiff's attorney of record. Such affidavit is not proper proof, is without legal value, and has no probative force. (See *McCormick* v. *New York Steam Corporation*, 130 Misc. 566.) The case is now upon the day trial calendar, and the law presumes that plaintiff must have in his possession all the information necessary to furnish a proper bill of particulars. (*Ditollo* v. *Erie R. R. Co.*, 126 App. Div. 811.)

The language of the court in *Bjork* v. *Post & McCord* (125 App. Div. 813, 814) is apposite: " A case could hardly be presented in which the propriety and necessity of a bill of particulars was more obvious. That the plaintiff is an administratrix is no answer. The case was on the day calendar when the motion was made. To recover she must prove her claim. Being upon the day calendar, she must be presumed to be ready to prove her claim, and it is the details of her claim, the particulars of which are asked. As said many times, the object of a bill of particulars is to amplify

the pleading, to define the issues, and to limit the proof, to make certain that which is uncertain, and to apprise the defendant of what he is required to meet."

Plaintiff will be allowed at trial to give evidence in support of a proper and relevant agreement or agreements, if any, and the services claimed to have been rendered thereunder in respect to the properties specified in paragraph marked "8" of plaintiff's amended bill of particulars already served, and is precluded from offering at the trial any evidence in respect to other particulars and items. Application for a stay of trial, if any, must be made to the trial justice. Order signed.