## KALABANY v. NEWS SYNDICATE CO., Inc.

District Court, S. D. New York.
Oct. 25, 1932.

Graham & Golden, of New York City (Edgar Bromberger and Richard T. Graham, both of New York City, of counsel), for plaintiff.

De Witt & Van Aken, of New York City (Arthur Moynihan, of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The motion is by the plaintiff for a bill of particulars. The action is for libel because of a news article concerning the plaintiff which the defendant published in its newspaper. Damages in a very large figure are demanded. After pleading privilege, in that the article complained of was a fair and true report of judicial proceedings published without malice, the defendant in its answer sets up as a further defense, in mitigation of damages, that the facts set forth in the article were communicated to the defendant from trustworthy sources and were believed to be true by the defendant when it published the article. The plaintiff demands that the defendant particularize as to the "trustworthy sources," giving the names and addresses of the persons and specifying the public records whereby it received the information.

In my opinion the plaintiff is not entitled to a bill of particulars as to these matters. The action is at law and the matter is one of pleading. It is therefore governed by the Conformity Act (28 USCA § 724), and the court will follow the rule applied by the New York courts. It has been held by the Appellate Division that where the answer in a libel action sets up as a partial defense in mitigation that the defendant received the information from persons in a certain locality, a bill of particulars for the names of the informers will not be ordered. Knipe v. Brooklyn Daily Eagle, 101 App. Div. 43, 91 N. Y. S. 872. This is in line with the general principle that a party will not be obliged to disclose the names of witnesses. It is true that there is a passage in the opinion in Goodrow v. New York American, Inc., 233 App. Div. 37, 252 N. Y. S. 140, which seems to point in the other direction. It is merely a dictum, however, and the meaning is not free from obscurity.

The motion will be denied.